# LAVAGNINO *v.* UHLIG.

ERROR TO THE SUPREME COURT OF THE STATE OF UTAH.

No. 120. Argued January 12, 1905.—Decided May 29, 1905.

Where the necessary effect of the ruling of the state court is to deny to a locator of a mineral claim the protection of the relocation provisions of § 2324, Rev. Stat., if that section justified the claim based upon it, or if the record shows that the trial court considered that the plaintiff specially claimed and was denied rights under § 2326, Rev. Stat., authorizing an adverse of an application for a patent to mineral lands, a Federal question is involved and the motion to dismiss the writ of error will be denied.

Under § 2326, Rev. Stat., where there was a conflict of boundaries between a senior and junior location, and the senior location has been forfeited, the person who made the relocation of such forfeited claim has not the right in adverse proceedings to assail the junior locator in respect to the conflict area which had previously existed between that location and the abandoned or forfeited claim.

A senior locator possessed of paramount rights in mineral lands may abandon such rights and cause them to enure to the benefit of the applicant by failure to adverse, or after adverse, by failure to prosecute such adverse.

The provisions of § 2326, Rev. Stat., as construed in this case, so qualify §§ 2319 and 2324, Rev. Stat., as to prevent mineral lands of the United States which have been the subject of conflicting locations, from becoming *quoad* the claims of third parties unoccupied mineral lands, by the mere forfeiture of one of such locations.

*Quære*, Whether a deputy mineral surveyor is prohibited by § 452 Rev. Stat. from making the location of a mining claim not decided.

UHLIG and McKernan, two of the defendants in error, by locations alleged to have been made on January 1, 1889, asserted ownership of two adjacent mining lode claims, designated respectively as the Uhlig No. 1 and the Uhlig No. 2, situated in the West Mountain mining district, in Salt Lake County, State of Utah. In the month of August, 1898, the parties named filed in the proper land office an application for patent for said claims. During the publication of notice of the filing of the application, Giovanni Lavagnino, plaintiff in error—as the alleged owner of a mining lode claim called the Yes You Do—filed an adverse claim to a portion of the land embraced in each of the Uhlig locations, which it was asserted

overlapped the Yes You Do. Thereupon, pursuant to the requirements of section 2326 of the Revised Statutes, this action was brought in a District Court of Salt Lake County, Utah, to determine in whom was vested the title and right of possession to the conflicting areas, which in the case of the Uhlig No. 1 claim amounted to 6.374 acres and in the No. 2 to 1.441 acres.

In substance, Lavagnino alleged in his complaint that at the time of the location of the Uhlig claims there was a subsisting valid location known as the Levi P. lode claim, which included within its areas the land in dispute in the action; that the necessary labor required by the statutes of the United States was performed upon the claim up to and including the year 1896; that no actual labor or improvements were made upon the claim for the year 1897, and in consequence all the land included within the Levi P. location became forfeited and acquired the status of unoccupied and mineral lands of the United States, and that while such was the status of the land, on January 1, 1898, one J. Fewson Smith, Jr.,—the grantor of Lavagnino—relocated the Levi P. claim as the Yes You Do, and that thereafter all the requirements necessary to be done had been performed, and the Yes You Do was then a valid and subsisting location.

Subsequently the St. Joe Mining Company was substituted in the stead of Uhlig, as a party defendant.

On the trial it was shown that at the time Smith located the Yes You Do claim he was a deputy mineral surveyor for the district in which such mining claim was situated, and that he made the survey and plat for the protest which had been filed in the land office against the Uhlig application for patent. On the offer, as evidence for the plaintiff, of the notice of location of the Yes You Do claim and the deed from Smith to Lavagnino, objection was made to their admission and the offered evidence was excluded upon the ground that the asserted location by Smith of the Yes You Do was not valid, because at the time of the making thereof Smith was a deputy

mineral surveyor, and was prohibited by the terms of section 452 of the Revised Statutes of the United States from making the location of a mining lode claim.   For the same reason the trial court sustained an objection to evidence offered on behalf of the plaintiff tending to show that at the time the Uhlig claims were located the ground covered by such locations was then covered by prior locations made at an earlier hour on the same day, and was consequently not subject to location as unoccupied mineral lands of the United States.   That one of said locations—the Levi P.—embraced the premises in dispute, and was a subsisting location until forfeited by failure to perform the annual work for the year 1897; that the relocation of said claim as the Yes You Do was made on January 1, 1898; and that the annual work and other steps required by law to be done in connection with the claim had been performed.

Following the introduction of testimony tending to show the validity of the Uhlig locations, testimony was introduced on behalf of the plaintiff in respect to the location and working of the Levi P. claim, but on the offer of the Levi P. location notice the trial court sustained an objection thereto, and ruled that as the Yes You Do was not a valid location there were no adverse claims before the court, and as a result it was to be conclusively presumed that there did not exist any location which in anywise conflicted with the Uhlig claims sought to be patented.

The court made findings of fact, in which, *inter alia*, it was recited that the plaintiff at the trial had not introduced any legal or competent evidence to sustain the issues on his part, and consequently that "upon the trial, on motion of counsel for defendants, the said action of the plaintiff against the defendant was, and is hereby, dismissed."   The facts were then found in respect to the location and working of the Uhlig claims, and, as conclusions of law, the court held that the action against the defendants should be dismissed with costs, and that the defendant, the St. Joe Mining Company, and the defendant, Alexander McKernan, were entitled to purchase

from the United States of America the said Uhlig claims and
the whole thereof, and were also entitled to a decree quieting
their title to the premises in dispute. From a decree entered
in conformity to these conclusions an appeal was prosecuted
to the Supreme Court of Utah, and that court affirmed the
decree. 26 Utah, 1. A writ of error was thereupon sued out
from this court.

*Mr. Aldis B. Browne,* with whom *Mr. Alexander Britton*
and *Mr. N. W. Sonnedecker* were on the brief, for plaintiff in
error:.

Section 452, Rev. Stat., does not prohibit the location of a
mining claim by a United States deputy mineral surveyor.
Sutherland's Stat. Con. § 366; Endlich's Interpretation, § 341;
act of April 25, 1812, 2 Stat. 716; act of July 4, 1836, 5 Stat.
107; *Grandy* v. *Bedell,* 2 L. D. 314; Instructions of Commis-
sioners, 2 L. D. 313; *McMicken's Case,* 10 L. D. 97; *S. C.,* 11
L. D. 96; Circular of Sept. 15, 1890, 11 L. D. 348; *Winans* v
*Beidler,* 15 L. D. 266.

The designation of United States deputy mineral surveyor
is not known to Federal Statutes, § 2334, Rev. Stat.; General
Mining Law of 1872, 17 Stat. 95; Mining Law of 1866, 14 Stat.
252; General Mining Circulars of Dec. 18, 1903, 31 L. D. 453,
489; 32 L. D. 367, §§ 90 *et seq.*

A deputy mineral surveyor is not a Federal officer. *United
States* v. *Germaine,* 99 U. S. 508; *United States* v. *Smith,* 124
U. S. 525, 532. Nor is he a clerk either in the General Land
Office or in any public office subordinate to it. Bouvier,
*sub.* "Clerk"; *People ex rel. &c.* v. *Fire Commissioners,* 73
N. Y. 422. Nor can the term employé be applied to him.
Century Dict., *sub.* "Employé"; *People* v. *Meyers,* 33 N. Y.
18, as the rendition of work and receipt of wages or salary
is essential to constitute a person an employé. Mining regula-
tions § 127 provides that the deputy has no claim on the
United States but looks only to the surveyor. Section 5, act
1876, 19 Stat. 169; act of 1884, 23 Stat. 17; *McCluskey* v.

*Cromwell*, 11 N. Y. 593; Cent. Dict., *sub.* "Salary" and "Wages"; *United States* v. *Meigs*, 95 U. S. 748; *Ex parte Simons*, 32 Fed. Rep. 681; *Powell* v. *United States*, 60 Fed. Rep. 687; *United States* v. *McDonald*, 72 Fed. Rep. 898.

The idea of continuity of service is inseparable from the word employé. An employé is not one who renders an occasional service. *Louisville &c. R. R. Co.* v. *Wilson*, 138 U. S. 501; *Auffmordt* v. *Hedden*, 137 U. S. 310. The word employé implies relation of master and servant which does not exist. *State* v. *Emerson*, 72 Maine, 455; Wood on Master and Servant, § 4, 618; *People* v. *Board of Police*, 75 N. Y. 41; *Mache* v. *Hutchinson*, 12 Ont. Pr. Rep. 167; Bishop on Non-contract Law, § 602; *Campfield* v. *Lang*, 25 Fed. Rep. 128. The surveyor is not an employé but a contractor and the partial control retained over him does not make him a servant. Cooley on Torts, 548; Wharton on Agency, § 19; *Pack* v. *Mayor*, 8 N. Y. 222; *Kelly* v. *Mayor*, 11 N. Y. 432; *Kearney* v. *Oakes*, 18 Canada Sup. Ct. 148; *Blake* v. *Ferris*, 5 N. Y. 58; Pennsylvania Statute of 1802, cited in *Commonwealth* v. *Binns*, 17 S. & R. 220; *Coal Co.* v. *Railroad Co.*, 29 N. J. Eq. 255; *Vane* v. *Newcomb*, 132 U. S. 220, 233; *The Twenty per cent Cases*, 20 Wall. 179. The decisions of the Land Department are contradictory and it was not until 1898 that it held that a deputy mineral surveyor could not purchase Government lands. For decisions prior to 1898 see *Dennison* v. *Willetts*, 11 Copp's L. O. 261; *Lock Lode Case*, 6 L. D. 105; *Maxwell's Case*, 29 L. D. 76; *Baltzell's Case*, 29 L. D. 333; *Leffingwell's Case*, 30 L. D. 139.

Even if the prohibition of § 452, Rev. Stat., is applicable to deputy mineral surveyor's title to the Yes You Do claim it is good in the present holder, the plaintiff in error, to whom the alleged deputy had conveyed all his interest prior to the initiation of this proceeding. He is free from attack on this ground except from the Government itself—so as to alienage disabilities. *Manuel* v. *Wulff*, 152 U. S. 505; *McKinley Mining Co.* v. *Alaska Mining Co.*, 183 U. S. 563, 571; 1 Washburn,

Real Property, 63; 1 Kerr on Real Property, 215; *National Bank* v. *Matthews*, 98 U. S. 621; *Jones* v. *Habersham*, 107 U. S. 174; *Reynolds* v. *Bank*, 112 U. S. 405, 413. There was no exclusive adverse possession which is necessary in order to acquire prescriptive title. Buswell on Limitations, § 237; *Dosevell* v. *Morrill*, 14 Wall. 120, 145; *Ward* v. *Cochran*, 150 U. S. 597, 609; *Larwell* v. *Stevens*, 12 Fed. Rep. 559; *Bracken* v. *Union Pacific Ry.*, 56 Fed. Rep. 447; *Larsen* v. *Onesite*, 20 Utah, 360; *Digman* v. *Nelson*, 26 Utah, 186.

As to the validity of the relocation of a claim see 1 Lindley on Mines, 2d ed., §§ 363, 404; *Jupiter Mining Co.* v. *Bodie Mining Co.*, 11 Fed. Rep. 666, 676; *Jordan* v. *Duke*, 53 Pac. Rep. 197; *Oscamp* v. *Crystal River Mining Co.*, 58 Fed. Rep. 293.

The alleged discoveries of the Uhlig Nos. 1 and 2 being within the prior subsisting Levi P. location, the locations based thereon are void. 1 Lindley, § 611; *Watson* v. *Mayberry*, 15 Utah, 265; *Reynolds* v. *Pasco*, 24 Utah, 219; *Mining Co.* v. *Maier*, 134 California, 583; *Erwin* v. *Perego*, 93 Fed. Rep. 608; *Mining Co.* v. *Buck*, 97 Fed. Rep. 462; *Branagan* v. *Dulaney*, 2 L. D. 744; *Re Winter Lode*, 22 L. D. 362; *Gwillim* v. *Donellan*, 115 U. S. 45, 50; *Girard* v. *Carson*, 22 Colorado, 345.

*Mr. D. H. Wenger*, with whom *Mr. Arthur Brown* was on the brief, for defendants in error.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

The Supreme Court of Utah was of the opinion that, by force of section 452 of the Revised Statutes of the United States (copied in the margin[1]), J. Fewson Smith, Jr., being

---

[1] Section 452 Revised Statutes of the United States.

"The officers, clerks, and employés in the General Land Office are prohibited from directly or indirectly purchasing or becoming interested in the

a deputy mineral surveyor, was disqualified from locating the Yes You Do claim; that in consequence the attempted location of such claim was void; and that the plaintiff Lavagnino acquired no rights by the conveyance of the claim to him by Smith. It was next decided that, as the plaintiff had failed to show any right to the disputed premises, he became a stranger to the title, and was without right to contest the claim of the defendant. The correctness of the decree entered by the trial court was also held to result from the terms of section 2332 of the Revised Statutes of the United States, and section 2859 of the Revised Statutes of Utah, both of which sections are copied in the margin.[1]

Adopting the finding of the trial court that the Uhlig claims were valid locations, attention was called to the fact that those claims were located on January 1, 1889, while the Yes You Do was located more than eight years thereafter, viz., on January 1, 1898. A mining claim was declared to be a possessory right and real estate under the statutes of Utah, and it was held that one Mayberry, the locator of the Levi P. claim, not having instituted a suit to recover possession of the premises in dispute within seven years after the location of the Uhlig claims, was barred of all right to such premises by the terms

---

purchase of any of the public land; and any person who violates this section shall forthwith be removed from his office."

[1] Section 2332, Rev. Stat. United States.

· "Where such person or association, they and their grantors, have held and worked their claims for a period equal to the time prescribed by the statute of limitations for mining claims of the State or Territory where the same may be situated, evidence of such possession and working of the claims for such period shall be sufficient to establish a right to a patent thereto under this chapter, in the absence of any adverse claim; but nothing in this chapter shall be deemed to impair any lien which may have attached in any way whatever to any mining claim or property thereto attached prior to the issuance of a patent."

Section 2859, Rev. Stat. Utah.

"No action for the recovery of real property, or for the possession thereof, shall be maintained, unless it appear that the plaintiff, his ancestor, grantor, or predecessor was seized or possessed of the property in question within seven years before the commencement of the action."

of section 2859 of the Revised Statutes of Utah, and that his right to contest the title of the defendants to the conflict areas "was also waived by his failure to adverse the application for a patent of the Uhlig Nos. 1 and 2." The court added: "In view of these facts the plaintiff, even if J. Fewson Smith, Jr., had not been a deputy United States mineral surveyor, as the location of the Yes You Do was not made until eight years after the possession of the Uhlig Nos. 1 and 2 was begun, could not avail himself of any rights which the said Mayberry may have had."

This latter ruling of the Supreme Court of Utah forms the basis for the first of two grounds of a motion to dismiss this writ of error, which motion will now be passed upon.

The first is, in substance, that, assuming that there was a Federal question determined by the Supreme Court of Utah, its decision was not necessary, and whether it was or not jurisdiction does not exist, because there was another ground upon which the decree of the trial court was affirmed, non-Federal in its nature, and broad enough to maintain the judgment, viz., the ruling of the bar of the statute of limitations. The second ground is thus stated:

"That under the decision of the Supreme Court of the State of Utah, this court has no jurisdiction to hear and determine the question raised under section 452, Rev. Stat. U. S., for the reason that the plaintiff in error has not brought himself within the provisions of section 709, Rev. Stat. U. S."

We are of opinion that neither of the grounds urged in support of the motion to dismiss is tenable. As to the first, it is true that the Supreme Court of Utah decided that, even although J. Fewson Smith, Jr., had been qualified to locate the Yes You Do claim, the location was invalid because made more than seven years after the location of the Uhlig Nos. 1 and 2, when, it was held, the bar of the statute of limitations was operative. But this amounted to saying that even although the plaintiff was entitled to adverse the Uhlig claims, he could not be heard to rebut the evidence for the defendants

as to the possession under the Uhlig locations, by evidence as to the possession taken and had under the Levi P. location. Plainly we think the ruling denied to the grantee of the Yes You Do, under the hypothesis that they existed, rights asserted by him under section 2324 of the Revised Statutes authorizing the relocation of forfeited claims. It is evident from the record that the finding of the trial court as to the time when possession was taken of the Uhlig Nos. 1 and 2 claims, and the duration of possession was based entirely upon the evidence introduced on behalf of the owners of those claims. The trial court treated as irrelevant and immaterial evidence tending to show that the premises in dispute were embraced in the Levi P. location, and that possession of that claim was held and retained from a time at least contemporaneous with the initiation of the Uhlig locations and almost up to the location of the Yes You Do, as a relocation of the Levi P. Under such circumstances a decision that the bar of the seven years' statute of limitations was operative, upon the assumption that the locator of the Yes You Do was entitled to adverse conflicting locations, amounted to deciding that Lavagnino could not show that the premises in dispute were unoccupied mineral lands of the United States at the time of the location of the Yes You Do, and, as bearing upon the validity of the relocation of the Levi P., the facts as to the location, possession under, and forfeiture of the Levi P. claim. The necessary effect of this ruling, as before stated, was, we think, to deny to the locator of the Yes You Do the protection of the relocation provisions of section 2324 of the Revised Statutes, if that section justified the claim of right based upon it.

As to the second ground, the record clearly shows that the trial court considered that the plaintiff was specially claiming rights under section 2326 of the Revised Statutes, authorizing an adverse of an application for a patent to mineral lands, and the Supreme Court of Utah necessarily acted upon that assumption in the opinion by it delivered. The motion to dismiss is. therefore, overruled.

The question then is, Did the Supreme Court of Utah err in affirming the decree of the trial court?

As we have seen, the Supreme Court of Utah, in part, rested its conclusion, upon the want of power in a deputy mineral surveyor to make the location in question, in consequence of the prohibition contained in section 452 of the Revised Statutes. A consideration of that subject, however, will be unnecessary if it be found that even if a deputy mineral surveyor was not within the restriction of the section referred to, nevertheless, the rights asserted under the Yes You Do location in the adverse proceeding were not paramount to the rights arising from the Uhlig location. We, therefore, come at once to a consideration of that question, and, of course, in doing so assume, for argument's sake, that the section of the Revised Statutes relied upon and the rules and regulations of the Land Department did not prohibit a deputy mineral surveyor from making a location of mineral land. And, moreover, in considering the question which we propose to examine, we concede, for the sake of argument, that the Levi P. location, of which the Yes You Do purported to be a relocation, was prior in date to the location of the Uhlig Nos. 1 and 2, and that there were areas in conflict between them. With all these concessions in mind the question yet remains whether Smith and his transferee, in virtue of the location of the Yes You Do, stood in such a relation as to enable them, or either of them, to successfully adverse the application for patent made by the owners and possessors of, the Uhlig locations.

It is undoubted that this court in a number of cases has declared that the rights of a subsisting senior locator of mineral land are paramount to those of the owner of a junior location, so far as said junior location conflicts in whole or in part with the prior location. *Clipper Mining Co.* v. *Eli Min. & Land, Co.,* 194 U. S. 220, 226, and cases cited. It is elementary also that the power conferred by section 2324 of the Revised Statutes, to relocate a forfeited mining claim, does not place the locator in privity of title with the owner of the prior and

forfeited location. The statute merely provides that when a forfeiture has been occasioned "the claim or mine upon which such failure occurred shall be open to relocation in the same manner as if no location of the same had ever been made, provided that the original locators, their heirs, assigns, or legal representatives, have not resumed work upon the claim after failure and before such location."

The question then is, where there was a conflict of boundaries between a senior and junior location, and the senior location has been forfeited, has the person who made the relocation of such forfeited claim the right, in adverse proceedings, to assail the title of the junior locator in respect to the conflict area which had previously existed between that location and the abandoned or forfeited claim?

To say that the relocator had such right involves, necessarily, deciding that, as to the area in conflict between the junior and the senior locations, the junior could acquire no present or eventual right whatever, and that on the abandonment or forfeiture of the senior claim the area in conflict became, without qualification, a part of the public domain. In other words, the proposition must come to this: that as the junior locator had acquired no right whatever, present or possible, by his prior location, as to the conflicting area, he would be obliged, in order to obtain a patent for such area, to initiate in respect thereto a new right, accompanied with a performance of those acts which the statute renders necessary to make a location of a mining claim.

The deductions just stated are essential to sustain the right of the relocator of a forfeited mining claim to contest a location existing at the time of the relocation, on the ground that such existing location embraced an area which was included in the forfeited and alleged senior location, for the following reasons: If the land in dispute between the two locations, which antedated the relocation, did not, on the forfeiture of the senior of the two locations, become unqualifiedly a part of the public domain, then the right of the junior of the two

would be operative upon the area in conflict on a forfeiture of the senior location.  If it had that effect it necessarily was prior and paramount to the right acquired by a relocation of the forfeited claim.

But we do not think that the deductions which we have said are essential to sustain the right of the relocator to adverse, under the circumstances stated, can be sustained consistently with the legislation of Congress in relation to mining claims.  Indeed, we think such a construction would abrogate the provisions of section 2326 of the Revised Statutes, which is as follows:

"SEC. 2326. Where an adverse claim is filed during the period of publication, it shall be upon oath of the person or persons making the same, and shall show the nature, boundaries, and extent of such adverse claim, and all proceedings, except the publication of notice and making and filing of the affidavit thereof, shall be stayed until the controversy shall have been settled or decided by a court of competent jurisdiction, or the adverse claim waived.  It shall be the duty of the adverse claimant, within thirty days after filing his claim, to commence proceedings in a court of competent jurisdiction, to determine the question of the right of possession, and prosecute the same with reasonable diligence to final judgment; and a failure so to do shall be a waiver of his adverse claim.  After such judgment shall have been rendered, the party entitled to possession of the claim, or any portion thereof, may, without giving further notice, file a certified copy of the judgment roll with the register of the land office, together with the certificate of the surveyor general that the requisite amount of labor has been expended or improvements made thereon, and the description required in other cases, and shall pay to the receiver five dollars per acre for his claim, together with the proper fees, whereupon the whole proceedings and the judgment roll shall be certified by the register to the Commissioner of the General Land Office, and a patent shall issue thereon for the claim, or such portion thereof as the applicant shall appear,

from the decision of the court, to rightly possess. If it appears from the decision of the court that several parties are entitled to separate and different portions of the claim, each party may pay for his portion of the claim, with the proper fees, and file the certificate and description by the surveyor general, whereon the register shall certify the proceedings and judgment roll to the Commissioner of the General Land Office, as in the preceding case, and patents shall issue to the several parties according to their respective rights. Nothing herein contained shall be construed to prevent the alienation of the title conveyed by a patent for a mining claim to any person whatever."

This section plainly recognizes that one who, pursuant to other provisions of the Revised Statutes, has initiated a right to a mining claim, has recorded his location notice and performed the other acts made necessary to entitle to a patent, and who makes application for the patent, publishing the statutory notice, will be entitled to a patent for the land embraced in the location notice, unless adverse rights are set up in the mode provided in the section. Thus clearly providing that if there be a senior locator possessed of paramount rights in the mineral lands for which a patent is sought, he may abandon such rights and cause them in effect to enure to the benefit of the applicant for a patent by failure to adverse, or, after adversing, by failure to prosecute such adverse.

It cannot be denied that under section 2326, if before abandonment or forfeiture of the Levi P. claim, the owners of the Uhlig locations had applied for a patent, and the owners of the Levi P. had not adversed the application, upon an establishment of a *prima facie* right in the owners of the Uhlig claims, an indisputable presumption would have arisen that no conflict claims existed to the premises described in the location notice. *Gwillim* v. *Donnellan*, 115 U. S. 45, 51. And the same result would have arisen had the owner of the Levi P. adversed the application for a patent based upon the Uhlig locations and failed to prosecute and waived such adverse claim

In both of the supposed instances the necessary consequence would have been to conclusively determine in favor of the applicant, so far as the rights of third persons were concerned, that the land was not unoccupied public land of the United States, but, on the contrary, as to such persons, from the time of the location by the applicant for the patent, was land embraced within such location and not subject to be acquired by another person. And this result, flowing from the failure of the owner of a subsisting senior location to adverse an application for patent by the owner of an opposing location, or his waiver if an adverse claim is made, must, as the greater includes the lesser, also arise from the forfeiture of the claim of the senior locator before an application for patent is made by the conflicting locator and the consequent impossibility of the senior locator to successfully adverse after the forfeiture is complete.

Of course, the effect of the construction, which we have thus given to section 2326 of the Revised Statutes, is to cause the provisions of that section to qualify sections 2319 and 2324, thereby preventing mineral lands of the United States, which have been the subject of conflicting locations, from becoming *quoad* the claims of third parties, unoccupied mineral lands, by the mere forfeiture of one of such locations.

In text books (Barringer and Adams, Law of Mines and Mining of the United States, p. 306; Lindley on Mines, 2d ed., pp. 650, 651) statements are found which seemingly indicate that in the opinion of the writers, on the forfeiture of a senior mining location, *quoad* a junior and conflicting location, the area of conflict becomes in an unqualified sense unoccupied mineral lands of the United States without enuring in any way to the benefit of the junior location. But, in the treatises referred to, no account is taken of the effect of the express provisions of Rev. Stat. section 2326. Moreover, when the cases to which the text writers referred, as sustaining the statements made, are examined, it will be seen that they were decided either before the passage of the adverse claim statutes

of 1872, or concerned controversies between the senior and junior locators or depended upon the provisions of state statutes. How far such statutes would be controlling, we are not called upon to say, as it is not claimed that there is any statute in Utah in any way modifying the express provisions of section 2326.

As the issue raised by the complaint in this action concerned only the conflict areas and on the trial the invalidity of the Uhlig locations, in respect to the premises in dispute, was attempted to be established solely by proof that the Levi P. was an antecedent location and embraced the grounds in conflict, it follows, from the opinion which we have expressed, that at the time when Smith located the Yes You Do claim as a relocation of the Levi P. claim the land embraced within the location notices of the Uhlig claims, and upon which the Yes You Do overlapped, was not unoccupied mineral lands of the United States, and was consequently not subject to be relocated by Smith, even under the mere hypothesis which we have indulged in, that, as a deputy mineral surveyor, he was not debarred from making the location. For this reason the judgment of the Supreme Court of Utah was right, and it must therefore be

*Affirmed.*

Mr. Justice Brewer concurs in the result.

Mr. Justice McKenna dissents.