MONTAGNE v. LABAY et al.

(Second Division. Nome. November 11, 1905.)

No. 1,123.

MINES AND MINERALS—ADVERSE SUITS—PATENTS.

The case of Lavagnino v. Uhlig, 198 U. S. 443, 25 Sup. Ct. 716, 49 L. Ed. 1119, examined, and *held*, that it applies as authority only in adverse proceedings, when a patent to mining property has been applied for, and is binding on the courts only within its own limited circle of exceptional facts and circumstances. Compared with Belk v. Meagher, 104 U. S. 279, 26 L. Ed. 735, and the rule in the latter *held* not to have been overruled thereby, and the rule in Belk v. Meagher followed. See, also, Dufresne v. The Northern Light Min. Co., 2 Alaska, 592, for further reasoning on same question by the same judge.

S. T. Jeffreys, for plaintiff.

Ira D. Orton, for defendants.

MOORE, District Judge. I am now of opinion that in following the late case of Lavagnino v. Uhlig, 198 U. S. 443, 25 Sup. Ct. 716, 49 L. Ed. 1119, and giving the instructions quoted in specifications of error Nos. 9, 10, 11 of the defend-

ants, being the court's instructions Nos. 11 and 16, the court committed error prejudicial to the defendants, and that consequently the motion for a new trial must be granted.

That case seems to decide that in an adverse proceeding pursuant to section 2326, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1430], the contest being between a relocator of a claim and the junior of two prior locators, after the senior location has been forfeited for failure to do annual labor, the forfeiture inures to the benefit of the junior locator, quoad the relocator, or, as he is entitled in the opinion, the "third person." In this case the controversy is between senior and junior locators wholly; no third person being present as party to the contention.

The court in the report of that case says, on pages 456, 457 of 198 U. S., page 721 of 25 Sup. Ct. (49 L. Ed. 1119) :

"In text-books (Barringer and Adams, Law of Mines and Mining of the United States, 306; Lindley on Mines [2d Ed.] pp. 650 and 651) statements are found which seemingly indicate that in the opinion of the writers, on the forfeiture of a senior mining location, quoad a junior and conflicting location, the area of conflict becomes in an unqualified sense unoccupied mineral lands of the United States, without inuring in any way to the benefit of the junior location. But in the treatises referred to no account is taken of the effect of the express provisions of Rev. St. § 2326 [U. S. Comp. St. 1901, p. 1430]. Moreover, when the cases to which the text-writers referred as sustaining the statements made are examined, it will be seen that they were decided either before the passage of the adverse claim statutes of 1872, or concerned controversies between the senior and junior locators."

The justice announcing the opinion seems by this language to except a contest between a senior and junior location from the authority of the case. The doctrine of that case is so at variance with the doctrine of Belk v. Meagher, 104 U. S. 279, 26 L. Ed. 735, and the long line of cases which follow Belk v. Meagher, and in the opinion of this court is likely to work great injury to rights hitherto regarded as vested, if

taken as overturning the law of Belk v. Meagher in respect to the effect of forfeitures upon the rights of other persons attempting to fasten locations upon the ground which had been covered by the forfeited claim. I therefore believe it to be a case binding the court as authority only in adverse proceedings, where a patent has been applied for, and within its own limited circle of exceptional facts and circumstances. It was followed in the trial of this case at a time when the court was busily employed in the midst of a term for the trial of jury cases, and when the scope and application of the decision were not fully understood by either court or counsel engaged in the trial of this case. Let the minutes show that a new trial has been this day granted upon defendants' motion.