ANDERSON et al. v. ANVIL HYDRAULIC CO.

(Second Division.   Nome.   March 23, 1908.)

1. MINES AND MINERALS (§ 27*)—LAVAGNINO CASE.

In view of the apparent irreconcilable conflict between the doctrine announced in Lavagnino v. Ublig, 198 U. S. 443, 25 Sup. Ct. 716, 49 L. Ed. 1119, and the long-settled doctrine of Belk v. Meagher, 104 U. S. 279, 26 L. Ed. 735, the ruling in the Lavagnino Case should be followed only in cases where the facts bring them

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

clearly within the novel rule laid down in that case. La Montagne v. Labay, 2 Alaska, 575, and Dufresne v. Northern Min. Co., 2 Alaska, 592, followed.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 65; Dec. Dig. § 27.*]

2. MINES AND MINERALS (§ 38*)—ESTABLISHMENT OF RIGHTS—PLEADING—PUBLIC LANDS.

Plaintiffs brought this suit in support of an adverse to defendant's application for a patent for a placer mining claim. Plaintiffs' location was junior and subsequent to defendant's location of the ground in dispute. *Held*, the burden is upon plaintiffs to prove affirmatively their prior and present valid location of the ground. They may not recover upon the weakness of defendant's evidence. Plaintiffs must establish that defendant's location was never made in accordance with the mining laws of the United States, or, if defendant's location was a prior valid location, then plaintiffs must plead and prove an abandonment or a forfeiture of the same prior to plaintiffs' location.

[Ed. Note.—For other cases, see Mines and Minerals, Dec. Dig. § 38.*]

3. MINES AND MINERALS (§ 38*)—FORFEITURE—PLEADINGS—PUBLIC LANDS.

In all cases involving the trial of title to land—adverse proceedings not being an exception—the rule obtains that the party who relies on a forfeiture must plead it, and then affirmatively support it by proof.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 101; Dec. Dig. § 38.*]

This suit is brought under the authority of section 475, tit. 2, c. 46, of the Code of Civil Procedure for Alaska. The section provides that:

"Any person, in possession by himself or his tenant, of real property, may maintain an action of an equitable nature against another who claims an estate or interest therein adverse to him, for the purpose of determining such claim, estate or interest."

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

The plaintiffs in their complaint assert themselves to be the owners of the ground in conflict in the action by virtue of a valid, subsisting location of a placer mining claim called Discovery claim on Lake.creek, in the Cape Nome recording district, Alaska, within which the ground in conflict lies.

They allege that the land embraced in said claim was on the last day of January, 1902, vacant, unoccupied, and unappropriated placer mineral land of the United States, and that on that day their grantor entered on said land and located the same as a placer mining claim; that the acts of location consisted of marking the location on the ground, so that its boundaries could be readily traced, and posting on the claim a notice of location in writing, which contained the name of the locator, the date of the location, and such a description of the claim located with reference to natural objects and permanent monuments as would identify the same; that they recorded a duplicate of this notice of location in the office of the recorder of the Cape Nome recording district, Alaska; that prior and subsequent to the location of said claims discoveries of gold were made in and on the claim by the locator and by the plaintiffs, his successors in title and interest; and that during each of.the years 1903, 1904, 1905, and 1906 the plaintiffs performed labor and made improvements on said claim to the value of more than $100.

They further allege that the defendant corporation has no estate, title, or interest in said premises, and that this action is prosecuted in support of plaintiffs' adverse claim filed in the United States land office in resistance to the application of the defendant corporation, filed in the said land office, for a patent for a mining claim described as the No. 2 Saturday creek, which overlaps and conflicts with the plaintiffs' above-mentioned claim, known as Discovery claim on Lake creek.

The defendant corporation by its answer denies the ownership of the plaintiffs in the premises in conflict and their prede-

cessors in interest to establish and maintain their right to and interest in said Lake creek claim. By way of affirmative defense it claims that a valid location of a mining claim, designated as the claim No. 2 on Saturday creek in the recording district, was made on April 4, 1900, and that the defendant and its predecessors in interest have each year since the location thereof performed labor and made improvements on the claim of the value of $100, and that defendant became the owner of said mining claim by virtue of mesne conveyances to it from the locator and its predecessors in interest in said claim, and that the defendant and its predecessors in interest have been entitled to the possession of said claim ever since April 4, 1900. The case, being of an equitable nature, was tried before the judge without a jury. It was admitted on the trial that the No. 2 Saturday creek location, under which the defendant claims, and the location of Discovery on Lake creek, overlap each other to the extent of the ground in controversy.

Ira D. Orton, for plaintiffs.

T. M. Clowes, Thos. R. Shepherd, and George B. Grigsby, for defendant.

MOORE, District Judge. The plaintiffs, who are adverse claimants, claim the ground in dispute under a location made in January, 1902, by Mrs. McMurray, which is entitled Discovery on Lake creek, Alaska. The defendant, which is the applicant for the patent, claims the disputed ground under a location made in April, 1900, by one C. W. Thomas, which is denominated claim No. 2 on Saturday creek, Alaska.

The plaintiffs claiming ownership by virtue of the later title of 1902, the burden is upon them of proving either that the Thomas location was never made in accordance with the mining laws of the United States, or, if the location was a valid one in law, then to show an abandonment or a forfeiture of the same prior to the date of the McMurray location in 1902.

The plaintiffs at the trial, for the purpose of defeating the Thomas location, sought to prove the existence of a valid prior location of a claim which included the ground in controversy, made by one Rawlins in 1899. This effort, in the judgment of the court, was not successful. Moreover, the defendant's evidence clearly established the fact that the Thomas location was actually made in April, 1900, in compliance with law. The plaintiffs then directed their energies to an effort to prove, on cross-examination of the defendant's witnesses, that the annual development work of the full value of $100 for each of the years 1902, 1903, and 1904, was not done on the No. 2 Saturday creek claim by the defendant and its predecessors in interest.

As the court views the case as it stands on the pleadings, the plaintiffs could not prevail in the action without first proving, in any phase assumed by the evidence, the validity of the McMurray location. The evidence falls short of establishing this vitally essential fact. It must be admitted by even the plaintiffs that the court must declare that the preponderance of the evidence sustains the defendant's claim that its title under the location of 1900 was originally good. Can the plaintiffs, then, avail themselves of the neglect of defendant or its grantors to maintain the title acquired by that location, by doing the annual labor for any year subsequent to 1900?

It was argued by the counsel for the plaintiffs that they had proved failure to do the development work for at least the year 1903, and that a forfeiture of defendant's right to the disputed area ensued from this failure and inured to the benefit of the plaintiffs. They invoke the doctrine of the decision of the Supreme Court in the case of Lavagnino v. Uhlig, 198 U. S. 443, 25 Sup. Ct. 716, 49 L. Ed. 1119, in support of this contention.

In the case of La Montagne v. Labay, 2 Alaska, 575, this court held that, in view of the irreconcilable conflict between

the doctrine announced in the Lavagnino Case and the long-settled doctrine of Belk v. Meagher, 104 U. S. 284, 26 L. Ed. 735, the rulings in the Lavagnino Case should be followed only in cases where the facts bring them clearly within the novel rule laid down in that case.

In the Lavagnino Case Lavagnino attempted to defeat an application for a patent in a county court of Utah by proof that the applicants did not acquire title to the ground in conflict because there was a valid and subsisting location covering the ground when the grantor of the patent applicant made his location thereon. The Supreme Court of the United States held that, the claim of the senior locator having been forfeited, as Lavagnino, grantee of a relocator, contended, the ground in dispute was nevertheless not open after the forfeiture to relocation by Lavagnino's grantor, because, as to third persons—Lavagnino among them—it had immediately upon the forfeiture inured to a junior locator, who had located when the antecedent location remained valid and subsisting. Before the rendition of the judgment of the Supreme Court in the case of Lavagnino v. Uhlig, unquestionably upon the facts of the present case it would have been the duty of this court to pronounce the McMurray location void.

In the opinion of the Supreme Court, Chief Justice Waite, who rendered the decision of the court in the leading case of Belk v. Meagher, 104 U. S. 284, 26 L. Ed. 735, said:

"Mining claims are not open to relocation until the rights of a former locator have come to an end. A relocator seeks to avail himself of mineral in the public lands which another has discovered. This he cannot do until the discoverer has abandoned his claim and left the property open for another to take up. The right of location upon the mineral lands of the United States is a privilege granted by Congress; but it can only be exercised within the limits prescribed by the grant. A location can only be made where the law allows it to be done. Any attempt to go beyond that will be of no avail. Hence a relocation on lands actually covered at the time by

another valid and subsisting location is void; and this, not only against the prior locator, but all the world, because the law allows no such thing to be done."

The doctrine of this declaration of the law from 1881 till May 20, 1905, remained unchanged as the law defining the limits. of the rights of a relocator to make a valid location of mining ground already appropriated by location and segregated from the public domain. In 1905 came the decision in Lavagnino v. Uhlig. It, at first reading, would seem to be utterly subversive to the doctrine above quoted from the decision in Belk v. Meagher, and it caused a profound sensation among lawyers at the bar and on the bench. And if it applies to the facts in the case under consideration it should without hesitation be followed by this court. As in this case, that action was brought to litigate the rights of an applicant for a patent to mining ground which was claimed adversely by the plaintiff in the suit. Lavagnino, the plaintiff, rested his claim to the land which Uhlig and McKernan, the defendants, sought to have patented, upon the theory that a previous location—the Levi P. location—was forfeited, because no labor or improvements were put upon the claim in the year 1896, and that as a result the land included within the Levi P. location became vacant mineral land of the United States in 1897, and that while the status of the land was unchanged Lavagnino's grantor relocated the claim in 1898, calling his location the Yes You Do claim.

The applicant for the patent claimed the ground by virtue of a location made after the senior location was made and while it was valid and subsisting. The Supreme Court of Utah, having decided that the location of the Yes You Do was invalid because of the disqualification of Lavagnino's grantor to make a valid location of mineral land, gave judgment against Lavagnino. The case being next carried to the Supreme Court of the United States by appeal, that court affirmed the decree

oɪ the Supreme Court of Utah, but founded its decision upon a different ground. It argued that failure of the owner of the senior location to adverse an application for patent by one owning an opposing location would lead to the conclusive presumption, upon the establishment of a prima facie right in the applicant, that no conflict claim existed, and further argued that from the forfeiture of the claim of the senior locator the same result would follow, because of the impossibility of the senior locator to successfully adverse after the forfeiture of his claim was complete. In either of these supposed cases the court concludes that judgment would and should go in favor of the applicant, so far as third persons were concerned.

The essence and effect of the decision of the Supreme Court of the United States in the Lavagnino Case is that, in a contest in an adverse proceeding in the courts between a junior location made upon a senior valid location and a relocation made after the same senior location had become liable to forfeiture, the junior location, though invalid under the settled law when made, would prevail over the relocation, though valid when made under the law as understood at the time. The contest before that court was between a grantee of a relocator as complainant against the grantee of a locator of the ground in conflict when already appropriated and held by a valid senior location.

In this case the complainants are grantees of a junior locator, whose ownership of the ground involved in the suit, as they claim, began on January 1, 1902, the date of their grantor's location, while the defendant is grantee of a prior locator, dating its location and ownership thereunder from April, 1900. It is plain that the adverse claimants in this suit stand in a relation to the applicant for patent different from that of Lavagnino, adverse claimant, to Uhlig and others, applicants for patent, who were the contestants in the Lavagnino Case. In that case the junior location upon a senior one stood in the

way of Lavagnino, relocator, and barred his recovery, according to the reasoning of the distinguished justice who pronounced the decision.

In this case the plaintiffs in the pleadings, claiming rights under a junior location, attack the senior location, alleging it never existed as a valid location, and afterwards at the trial, following the course of the pleadings, first centered their attack upon the validity of the senior location, and afterwards, impliedly admitting its validity, shifted the ground of battle and made a determined effort to prove that the senior location was forfeited to them by failure to perform development work. From this comparison of the facts in the two cases, such a variance appears between them as to make the decision in the Lavagnino Case inapplicable as an authority to control the determination of the law of the case now being considered.

The trial might have properly ended when the plaintiffs failed to show a location previous to the Thomas location. It was of vital importance to the establishment of the plaintiffs' case that the invalidity of the prior Thomas location be proven. Having failed to show at the hearing of their evidence in chief that the Thomas location was not made, or that, if ever made, it was invalid, the plaintiffs lost, beyond retrieving, every chance of recovery.

It was incumbent on the plaintiffs and essential to a recovery that they established, prima facie, ownership in the land in dispute founded on a title good as against the defendant and the government. So, too, in all cases involving the trial of title to land—adverse proceedings not being an exception—the rule obtains that the party who relies on a forfeiture must plead it, and then affirmatively support it by proof. The plaintiffs offered no proof in chief tending to show a forfeiture, except, perhaps, evidence of a general nature that the ground covered by the McMurray location, when staked, was vacant and unoccupied. This is an additional rea-

son why the merits of the case are on the side of the defendant.

As before intimated, the defendant was not required to prove the performance by them or in their behalf of assessment work for the years 1902, 1903, and 1904. This is clear when it is considered that the plaintiffs' title rests solely on a location made in January, 1902. Failure on their part to establish a valid location when they presented their case in chief deprived them of the right to challenge the defendant to proof of the performance of the annual work for those three years. The admission of evidence bearing on the question of the performance of the assessment work for those years was, as I now view the case, irrelevant as the case stood when the plaintiffs rested at the conclusion of their evidence in chief.

Therefore, without passing upon the question whether the assessment work for 1902, 1903, and 1904, done in behalf of the defendant or its grantors, satisfied the requirements of the law, the evidence of the plaintiffs does not show that the plaintiffs, or their predecessors in interest, at any time in those years, or in a previous year, took advantage of any defect or shortage in amount of development work done before the defendant had resumed work in 1903, 1904, or 1905. This was essentially necessary to a forfeiture of the Thomas location which would inure to the plaintiffs' benefit. Rev. St. U. S. § 2324 (U. S. Comp. St. 1901, p. 1426); Justice Min. Co. v. Barclay (C. C.) 82 Fed. 554; Belcher Cons. Min. Co. v. Deferrari, 62 Cal. 160; Hirschler v. McKendricks, 16 Mont. 211, 40 Pac. 290; Belk v. Meagher, 104 U. S. 279, 26 L. Ed. 735; Bishop v. Baisley, 28 Or. 119, 41 Pac. 936.

The plaintiffs rely in their complaint upon a forfeiture accruing at the end of 1901, and they have not only failed in proving a forfeiture previous to January, 1902, but have also offered no evidence that at a later date they attempted to avail themselves in any manner of a forfeiture by initiating a new

location. It is obvious, therefore, that in no point of view are the plaintiffs entitled to recover in this action.

On the part of the defendant, the evidence by a strong preponderance establishes the fact that Thomas made a valid location in 1900, and the law, without more, will presume a full compliance with the law in respect of performing the necessary labor for each year subsequent to the year 1900.

The evidence showing the defendant entitled to the possession of the land in controversy, both as against the plaintiffs and the government, a decree will be entered in defendant's favor.