## SWANSON *v.* SEARS.

ERROR TO THE SUPREME COURT OF THE STATE OF IDAHO.

No. 217.   Argued March 15, 1912.—Decided April 1, 1912.

A location and discovery on land withdrawn *quoad hoc* from the public domain by a valid and subsisting mining claim is absolutely void for the purpose of founding a contradictory right; nor does it become valid by reason of the subsequent failure of the right existing when it was filed.

17 Idaho, 321, affirmed.

THE facts, which involve the construction of the mining law of the United States, are stated in the opinion.

*Mr. John M. Zane* for plaintiff in error.

*Mr. Frank Reeves* for defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

The defendant in error Kettler applied for a patent for a mining claim. The plaintiff in error filed an adverse claim under Rev. Stat., § 2326, and then brought this complaint to establish his right of possession to the area in dispute. The facts are these: In 1881 the defendant's claim, then called Emma No. 2, was located, running north and south. In 1889 the plaintiff's claim, Independence No. 2, was located, running east and west, its westerly end overlapping the southerly end of Emma No. 2, and the discovery being within the overlapping part. Kettler, who then had Emma No. 2, failed, because of the illness of her daughter, to do the assessment work upon it for 1903, and, supposing that to be the only way to hold the ground, relocated it on January 1, 1904, as Malta No. 1, since which time she has done the required annual work. The only question is whether, on the failure of the defendant, as stated, for 1903, the plaintiff's location attached, or whether it was wholly void. The state courts gave judgment for the defendant, 17 Idaho, 321, and the plaintiff brought the case to this court.

The argument for the plaintiff is a vain attempt to reopen what has been established by the decisions. A location and discovery on land withdrawn *quoad hoc* from the public domain by a valid and subsisting mining claim is absolutely void for the purpose of founding a contradictory right. *Belk* v. *Meagher*, 104 U. S. 279. *Gwillim* v. *Donnellan*, 115 U. S. 45. This doctrine was not qualified in its proper meaning by *Del Monte Mining & Milling Co.* v. *Last Chance Mining & Milling Co.*, 171 U. S. 55, for that case attributed effect to the overlapping location only for the purpose of securing extralateral rights on the dip of a vein the apex of which was within the second and outside of the first; rights consistent with all those acquired by the first location. See *Creede & Cripple Creek Mining &*

*Milling Co.* v. *Uinta Tunnel Mining & Transportation Co.*, 196 U. S. 337, 342. The principle of *Belk* v. *Meagher* was reaffirmed, 171 U. S. 78, 79, as it was again in *Clipper Mining Co.* v. *Eli Mining and Land Co.*, 194 U. S. 220, 226, 227, and in *Brown* v. *Gurney*, 201 U. S. 184, 193. It is true that there is reasoning to the contrary in *Lavagnino* v. *Uhlig*, 198 U. S. 443, but in *Farrell* v. *Lockhart*, 210 U. S. 142, 146, 147, that language was qualified and the older precedents recognized as in full force. We deem it unnecessary to consider the distinctions attempted by the plaintiff between location and relocation, voidable and void claims, etc., as the very foundation of his right, the offer and permission of the United States under Rev. Stat., § 2322, was wanting when he did the acts intended to erect it. His entry was a trespass, his claim was void, and the defendant's forfeiture did him no good.

There was some attempt before us to recede from the concession made below that the defendant had a right to relocate under Rev. Stat., § 2324. We do not see how it could help the plaintiff if the proposition were incorrect, or any sufficient reason for listening to the argument in this case.

*Judgment affirmed.*