## BECKER v. LONG et al.

### (Circuit Court of Appeals, Ninth Circuit. June 4, 1912.)

### No. 1,974.

MINES AND MINERALS (§ 27*)—MINING CLAIMS—CONFLICTING LOCATIONS.

The location or extension of a mining claim upon ground within the marked boundaries of another valid and subsisting location is absolutely void for the purpose of founding a contradictory right, and it is immaterial that the overlapping locator was the first to make a discovery either within or without the overlapping area.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 64, 65; Dec. Dig. § 27.*

Extent and boundaries of mining claims or locations, see note to Jones v. Wild Goose Mining & Trading Co., 101 C. C. A. 355.]

In Error to the District Court of the United States for the Fourth Division of the Territory of Alaska.

Action at law by John L. Long, Louis Schmidt, and George Moore against F. Ed. Becker. Judgment for plaintiffs, and defendant brings error. Affirmed.

This is an action in ejectment, brought in the District Court of Alaska, Fourth Division, by the defendants in error (plaintiffs below) against the plaintiff in error (defendant below), to recover possession of certain placer mining ground within an alleged overlapping area of two adjoining placer mining claims, and damages for the withholding. The plaintiffs' claim is described as "*Bench* Placer Mining Claim No. six (6). Above Discovery, First Tier, Right Limit on Little Eldorado Creek, a Tributary of the Chatanika River, in the Fairbanks Recording District." The defendant's claim is described as "*Creek* Placer Mining Claim No. six (6), Above Discovery, on the Little El Dorado Creek, a Tributary of the Chatanika River." Plaintiffs' claim was located and staked May 16, 1903, and notice of such location was filed with the recorder on August 13, 1903. Defendant's claim was located and staked on January 11, 1903, and notice of location was filed with the recorder on May 13, 1903.

As these two claims were originally located, staked, and recorded, they were parallel claims. The testimony appears to be conflicting as to the time when the stakes of the overlapping area were set, but it is admitted in the brief for the defendant in this court that defendant extended the right limit boundaries of his claim forming the overlap in July, 1904. The fact appears to have been discovered by the plaintiff in August, 1904. The overlapping area, as claimed by the plaintiff, contains 4.374 acres; as claimed by the defendant, it contains 4.538 acres. There is evidence tending to show that the defendant discovered gold on his claim as originally staked in June, 1903, and in January or February, 1905, and in the overlapping area in August, 1906. In the meantime the plaintiffs had made a discovery within the boundaries of their claim in January or February, 1905. Plaintiffs' claim, as then staked, located, and recorded, included the overlapping area, and the location had been distinctly marked upon the ground, so that it could be readily traced. The case was tried before the court and a jury, and a verdict rendered in favor of the plaintiffs for the possession of the overlapping area. No damages having been proven, none were awarded. The defendant brings the case here by writ of error.

John L. McGinn, of Fairbanks, Alaska, and Metson, Drew & Mackenzie and E. H. Ryan, all of San Francisco, Cal., for plaintiff in error.

F. J. Kierce, of San Francisco, Cal., for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). Two errors are assigned with respect to the proceedings in the court below:

First. It is assigned as error that the court refused to give the following instruction, requested by the defendant:

"You are instructed that, prior to the time that the plaintiffs in this action made a discovery within the boundaries of said bench claim No. 6, their possession only extended to that portion of the tract of which the plaintiffs were in the actual possession; that is, the place where they were sinking their said shaft and a reasonable space around the same in order to enable them to perform their said work."

Second. It is assigned as error that the court gave the following instruction, to which the defendant excepted:

"But you are instructed that if the defendant did not include the disputed strip in his original location, but thereafter, and subsequent to the date that plaintiffs marked the boundaries of their said No. 6 bench claim, and while plaintiffs were in the actual possession of said No. 6 bench claim, extended his boundaries so as to include said disputed strip, then before you can find for the defendant you must find that the defendant made a discovery of gold within the limits of said disputed strip before the plaintiffs discovered gold within the limits of their said bench claim No. 6."

It will not be necessary to review the numerous cases in this and other courts where priority of location and discovery have been subjects of controversy with respect to overlapping areas in mining claims. We think the controversy in the present case is disposed of by the decision of the Supreme Court of the United States in the late case of Swanson v. Sears, 224 U. S. 180, 32 Sup. Ct. 455, 56 L. Ed. ——, decided April 1, 1912. That case involved the right of possession to an overlapping area between two placer mining claims. Emma No. 2, claimed by Nancy M. Kettler, had been located in 1881. Kettler had failed to do assessment work upon the claim for 1903, and, supposing that the only way to hold the ground was by a relocation, she relocated the claim on January 1, 1904, as Malta No. 1. Independence No. 2, claimed by Charles Swanson, had been located in 1889. The westerly end of this claim overlapped the southerly end of Emma No. 2. There was evidence that the discovery for the Independence claim had been made within the overlapping area. It was contended on behalf of the right to the possession of this overlapping area by the Independence claimant that, when the claimant of Emma No. 2 failed to do the required assessment work for the year 1903, that claim was abandoned and the overlapping area passed to the Independence claim. It was contended, on the other hand, that when the Independence claim was located the Emma claim was a valid and subsisting location, with boundaries that included the overlapping area, and that the Independence location covering that area was void, and only could be made valid by a location made after the Emma claim had been abandoned and while the ground was open and unoccupied. The Supreme Court disposed of the claim of the Independence No. 2 to the overlapping area in the following language:

"A location and discovery on land withdrawn quoad hoc from the public domain by a valid and subsisting mining claim is absolutely void for the purpose of founding a contradictory right."

The case of Swanson v. Sears was taken to the Supreme Court of the United States from the Supreme Court of the state of Idaho. The decision of the Idaho Supreme Court is found in Swanson v. Kettler, 17 Idaho, 321, 105 Pac. 1059. The case as there reported contains a review of the cases of Lavagnino v. Uhlig, 198 U. S. 443, 25 Sup. Ct. 716, 49 L. Ed. 1119, Farrell v. Lockhart, 210 U. S. 142, 28 Sup. Ct. 681, 52 L. Ed. 994, 16 L. R. A. (N. S.) 162, Belk v. Meagher, 104 U. S. 279, 26 L. Ed. 735, and Brown v. Gurney, 201 U. S. 184, 26 Sup. Ct. 509, 50 L. Ed. 717, and other cases where the question of conflicting locations had been under consideration. The syllabus of the case in Swanson v. Kettler was prepared by the court, and so far as it relates to this question states the law as follows:

"Mineral ground covered by a valid location becomes segregated from the public domain, and is the property of the locator, and so long as the locator complies with the laws of the United States and the state and local regulations such locator has the exclusive right and enjoyment to all the surface included within the lines of the location against all the world, and during such time such ground so segregated is not open to location by another, and any relocation of such ground during such time is void."

In the state court there is reference to evidence tending to show that there was a discovery in the Independence claim outside the overlapping area. There is evidence of that character in the present case before this court. With respect to this feature of the case the Idaho court said:

"But in the view we take of this case it can make no difference whether the discovery of Independence No. 2 was upon ground covered by Emma No. 2, or upon ground west of the west side line of Emma No. 2, and upon ground at the time of the discovery covered by Independence; for in either event it would not open to entry as a part of Independence No. 2 ground covered and segregated by another valid location. In other words, a person cannot go upon unoccupied mineral ground and make a discovery, and use such discovery for the purpose of overlapping and relocating ground covered by another valid location."

The decision of the Supreme Court of the United States in Swanson v. Sears broadly covers the whole question of location and discovery upon ground within a prior valid and subsisting location, and determines that such a location is absolutely void, whether the discovery in the junior location is within or without the overlapping area.

In the present case it is admitted in the brief on behalf of the defendant that the defendant extended the boundaries of his claim over the area in controversy in July, 1904. At that time the plaintiffs had a valid and subsisting mining claim covering that ground, and defendant's extension over any part of it became absolutely void for the purpose of founding a contradictory right.

With respect to the instruction given by the court, and to which exception was taken by the defendant, it may be conceded that in the light of this late decision of the Supreme Court it was error; but, as the instruction was more favorable to the defendant than he was entitled to have given under the law as declared in that decision, he has no ground of complaint.

Finding no reversible error in the record, the judgment of the court below is affirmed.