BROWN v. GURNEY.

SMALL v. BROWN.

BROWN v. SMALL.

ERROR TO THE SUPREME COURT OF THE STATE OF COLORADO.

Nos. 97, 98 and 99.   Argued December 5, 1905.—Decided April 2, 1906.

The Land Department refused to issue a patent on a mining lode location
for which the local office had issued final certificate on the ground that
the entry embraced two tracts separated by a placer claim; but gave
the applicant the privilege for a definite period of electing which tract
he would take, the entry to be cancelled on one of the tracts specified
unless he meanwhile appealed or made his election.   Within the period
he waived his appeal and elected to take the other tract.   Subsequently
the Land Department entered a formal order cancelling the entry as to
the tract abandoned.   Meanwhile three entries were made of the aban-
doned tract.   The first immediately after the Land Department had
refused the patent ; the second immediately after the election and re-
linquishment was made ; and the third immediately after the final order
of cancellation was entered.   In consolidated adverse proceedings be-
tween these three entrymen, *held*, that:

In adverse proceedings each party is practically a plaintiff and must show
his title.

The order refusing to grant the patent did not of itself restore the land to
the public domain during the period of election, but the relinquishment
of the original entryman to the abandoned tract operated to do so *eo
instanti*, and the formal order of cancellation merely recorded a pre-
existing fact, and the rights of the party entering the land immediately
after the relinquishment were superior to those of the other entrymen.

Rulings of the Land Department as to land covered by a location cannot
be challenged collaterally in separate proceedings and the principle of
freedom from collateral attack is equally applicable in cases of final
entry as in those where patent has issued.

A final certificate issued after submission of final proof and payment of
purchase price is for many purposes equivalent to a patent.

BROWN applied for a patent on a mining claim, known as
the Scorpion, and Gurney adversed this application as the
owner and claimant of the Hobson's Choice, as did Small,

also, as the owner and claimant of the P. G. claim. Thereafter each brought suit in support of his adverse claim in the District Court of Teller County, Colorado.. The cases were tried together on an agreed statement of facts. This showed that the Scorpion, Hobson's Choice and P. G. locations covered substantially the same tract of ground, and were all made in compliance with law, with the exception repeated in connection with each of said locations : "*Provided, however,* that it is not admitted that at the time of said location the ground enbraced in said location was a part of the vacant and unappropriated public domain."

It appeared that prior to May 28, 1895, a mining lode location called the Kohnyo was owned by the Cripple Creek Mining Company, which claim was divided into two non-contiguous tracts by the Mt. Rosa placer claim. The north end of the Kohnyo, comprising five hundred feet of the claim, was where the discovery of mineral was made, and it also contained a discovery shaft and the other workings and improvements of the claim. The south end being seven hundred feet in length, did not show mineral, and was without development work of any kind.

The following diagram illustrates the situation:

The local Land Office permitted the claimant of the Kohnyo to enter the two tracts as one claim, but the Department ultimately refused to issue a patent for such tracts, basing the refusal upon the ground that two portions of a lode mining claim, separated by a patented placer, could not be included within one patent. The Land Office gave the applicant, however, the privilege to apply for a patent upon either of

the segregated tracts, and directed that, in default of an election or appeal by the claimant within sixty days from the date of the order, the entry of that portion of the claim lying south of the Mt. Rosa claim should be cancelled without further notice. This decision was rendered May 28, 1895, and no appeal was taken from it; but the claimant of the Kohnyo instituted proceedings against the claimant of the Mt. Rosa placer, the purpose of which was to secure title to the vein of the Kohnyo, which, it was claimed, passed through the portion of the placer claim which conflicted with the Kohnyo location. These proceedings were prosecuted before the Land Department, with the result that on May 7, 1898, a decision was rendered against the Kohnyo claimant's contention of a known vein in the placer conflict.

June 14, 1898, the claimant of the Kohnyo filed in the Land Office a written instrument, dated June 10, by which it elected to retain and patent the north end of the Kohnyo claim, and in which it also waived any right to further question or review the decision of the Secretary of the Interior of May 7, 1898, affirming the decision of May 28, 1895.

July 15, 1898, the Commissioner of the General Land Office cancelled the entry of the Kohyno claim as to that portion south of the Mt. Rosa placer.

May 13, 1898, Brown located this seven hundred feet as the Scorpion lode claim. June 23, 1898, Gurney located the same premises as the Hobson's Choice lode claim, and July 16, 1898, Small located the same ground as the P. G. lode claim. July 15 and 16, 1898, the claimant of the Scorpion filed amended and second amended certificates.

On these facts, judgment was rendered for defendant in each case, from which plaintiffs appealed to the Supreme Court of the State. That court reversed the judgment in *Gurney* v. *Brown*, and entered judgment that Gurney recover the premises included in the Hobson's Choice location, and for costs; and reversed the judgment in *Small* v. *Brown*, and entered judgment "that neither party has established any right to the

premises in controversy," and for costs. The opinion is reported in 32 Colorado, 472.

*Mr. William C. Prentiss,* with whom *Mr. Charles F. Potter* and *Mr. Horace F. Clark* were on the brief, for Brown, plaintiff in error in Nos. 97 and 99, and defendant in error in No. 98:

The stipulation contains no evidence upon the question of whether or not the land in question was vacant· or unappropriated and subject to location.

The acceptance of the application of Brown by the local officers is evidence that the land was unappropriated and subject to entry, but even in the absence of evidence the presumption must be that land in the so-called public land States has remained unappropriated, *Lockhart* v. *Johnson,* 181 U. S. 516, and, therefore, Brown, being prior in time, must be held to be paramount in right of possession.

There is no competent evidence of the existence of the Kohnyo location or the fact that entry of the same had been made. The Land Department decisions are not proof. The proper proof of a mineral entry is the full record of the application and final receipt accompanied by the survey so as to fix the *locus.* *Culver* v. *Uthe,* 133 U. S. 655. And proper proof of a mining location, embraces evidence of discovery, etc., location notice, certificate of location and assessment work.

A missing fact cannot be supplied by a concession of counsel. This has been repeatedly held in Colorado. *Pueblo* v. *Robinson,* 12 Colorado, 593; *Townsend* v. *Fulton Co.,* 17 Colorado, 145. The rule is the same in this court. *Zadig* v. *Baldwin,* 166 U. S. 485.

The pendency of a mineral entry does not prevent location by another of the ground covered thereby, and such location becomes effective if the entry be cancelled or relinquished and the possessory title forfeited or abandoned. *Lavagnino* v. *Uhlig,* 198 U. S. 443.

Location proceedings and patent proceedings are distinct,

and application for patent and entry do not affect the status of the ground, so far as possessory title is concerned, unless patent finally issue and, by relation back, cut out any intervening claims. If the patent proceedings prove abortive and the entry be cancelled there can be no relation back, and it follows that the effect of the certificate of purchase is destroyed. In such case the applicant is relegated to his possessory title. *Clipper Mining Company* v. *Eli Mining and Land Company*, 194 U. S. 220, 226; *Jaw Bone Lode* v. *Damon Placer*, 34 L. D. 72. See also *Murray* v. *Polglase*, 23 Montana, 401; *Adams* v. *Polglase*, 32 L. D. 477; *S. C.*, 33 L. D. 30.

The Kohnyo entry, as to the south 700 feet thereof, if not invalid, was eliminated at the expiration of sixty days from notice of Commissioner's decision of May 28, 1895, which was a direction to the local officers to cancel the Kohnyo entry as to the south 700 feet thereof upon default by the claimant in making election and furnishing evidence as therein allowed or taking appeal. *Guillery* v. *Butler*, 24 L. D. 209; *Northern Pacific R. R. Co.* v. *DeLacey*, 174 U. S. 622.

And in such case the application for reinstatement takes effect as of the date formal application is made to the register of the local office for republication of notice. *Jaw Bone Lode* v. *Damon Placer*, 34 L. D. 72.

The entry as to the southerly 700 feet was not eliminated by the filing of a relinquishment. It was not cancelled by formal order. 3 Copp's Land Owner, 38.

*Mr. Charles C. Butler*, with whom *Mr. J. C. Helm* was on the brief, for Gurney, defendant in error in No. 97, submitted:

That the land in question was vacant and unappropriated was assumed to be true throughout the case. It cannot now be denied. *Pratt* v. *Conway*, 148 Missouri, 291; *Humes* v. *Proctor*, 151 N. Y. 520; 2 Ency. Law & Procedure, 675; *Lemmon* v. *Sibert*, 15 Colo. App. 136; Elliott on Appellate Procedure, § 489.

The act of 1881 has always been construed to mean that it

is not sufficient to entitle the applicant for patent to a judgment in his favor, that the plaintiff fails to prove title to the ground in the contesting location. It is held that before defendant, who is a patent applicant, can have judgment, he must prove that he has title to the ground. And it is also held that, in making such proofs, all the requirements of law, relating to the location of a mineral claim must be shown to have been complied with. And if neither the plaintiff nor the defendant has made such proofs, then the jury must return a verdict accordingly and judgment be entered that neither party is entitled to the ground. *McGinnis* v. *Egbert*, 8 Colorado, 55; *Becker* v. *Pugh*, 9 Colorado, 589; *Manning* v. *Strahlor*, 11 Colorado, 453; Lindley on Mines, § 763; *Perego* v. *Dodge*, 163 U. S. 168; *Brannigan* v. *Dulaney*, 2 L. D. 751.

The territorial extent of the Kohnyo location is *res adjudicata* and is not subject to collateral attack. The action of the Land Department in matters within its jurisdiction is just as conclusive and binding and impervious to collateral attack as is judicial action by one of the ordinary and usual judicial tribunals. *Steel* v. *Smelting Co.*, 106 U. S. 450; *Smelting Co.* v. *Kemp*, 104 U. S. 640; Lindley on Mines, § 208.

There was no appearance for Small, plaintiff in error in No. 98, and defendant in error in No. 99.

Mr. Chief Justice Fuller, after making the foregoing statement, delivered the opinion of the court.

The question in these cases, which was intended to be, and was, passed upon, is when, in respect of the three locations, did the premises in controversy become subject to location?

In the state Supreme Court, counsel for Brown contended that the judgments below must be affirmed because the agreed facts failed to identify the premises in dispute as part of the Kohnyo claim; did not establish the validity of that location; and did not affirmatively show that the premises, when lo-

cated as the Scorpion, were not part of the unappropriated public domain.

But the Supreme Court applied the rule that where the existence of certain facts is assumed in the trial court and the trial proceeds, without objection, on that assumption, and the case is decided in reliance thereon, neither party will be heard in the court of review to question there for the first time the existence of the facts, and especially not where the alleged omissions might have been supplied if called to the attention of the trial court. And properly applied it, for the identity of the ground in controversy and the validity of the original Kohnyo location were conceded by both parties; and, indeed, counsel really does not deny them as matters of fact but simply objects that the stipulation did not include them. Moreover, we think the stipulation and exhibits attached containing the various proceedings before the Commissioner of the General Land Office and the Secretary of the Interior establish the validity of the Kohnyo location. According to that record, the Kohnyo claim had passed to final entry; this entry had been recognized by the Commissioner of the General Land Office and the Secretary; the question litigated in the Land Department for something like three years, as to the knowledge of the placer applicant at the time of his application for patent of the existence of the Kohnyo vein in the placer ground, had been decided adversely to the Kohnyo claim; the Kohnyo claimant had thereupon accepted this decision, acquiesced therein, and availed himself of the privilege extended by the Commissioner's decision of May 28, 1895, and elected to retain the northerly tract of the Kohnyo claim, which amounted to a relinquishment of the southerly tract, and the entry as to that tract was thereafter formally cancelled.

It may be added also that in adverse proceedings each party is practically a plaintiff and must show his title. *Jackson* v. *Roby*, 109 U. S. 440; *Perego* v. *Dodge*, 163 U. S. 160, 167. By the act of Congress of March 3, 1881, 21 Stat. 505, c. 140, it was provided that if in an adverse suit " title to the ground

in controversy shall not be established by either party, the
jury shall so find, and judgment shall be entered according to
the verdict." Under that act it is held that before the appli-
cant for a patent can have judgment he must prove his claim
of title to the ground. The object of the statute was, as we
said in *Perego.* v. *Dodge, supra,* to provide, in the case of a
total failure of proof of title, for an adjudication "that neither
party was entitled to the property, so that the applicant could
not go forward with his proceedings in the Land Office simply
because the adverse claimant had failed to make out his case,
if he had also failed." 2 Lindley on Mines, § 763, and cases
cited.

Of course it is essential that at the date of a location the
ground located on should be part of the public domain, and
in the present case the specific question affirmatively raised
was whether the ground in controversy was a part of the public
domain at the time of the respective contested locations.

It seems to us that when the Scorpion locator attempted
to make that location he conceded the validity of the Kohnyo
location and the segregation by that location from the public
domain of the southerly portion of that claim, but assumed
that the decision of the Secretary of May 7, 1898, operated
to restore that tract to the public domain as of that date,
since he relocated it on May 13, and on the following fifteenth
of July filed an amended location. But the filing of the latter
certificate did not cure the defect arising from the fact that the
discovery shaft of the Scorpion was upon ground covered by
the Kohnyo's claim, and the filing of the amended certificate
could not perfect the Scorpion location in view of the previous
location of the Hobson's Choice, which created intervening
rights in favor of a third person.

The stipulation of facts was evidently prepared in respect
of the inquiry concerning the date at which the ground in
controversy reverted to and became a part of the public do-
main, and that embraced the question whether that resulted
from the decision of the Secretary of May 7, 1898; or from

the filing of the Kohnyo claimant of its election to retain the northerly tract and relinquish the other, June 14, 1898; or upon the formal cancellation of the entry July 15, 1898.

Nevertheless it is further contended that the proceedings in the Land Department between May 28, 1895, and May 7, 1898, did not suspend the operation of the decision of the Commissioner of May 28, 1895, and since by that order the Kohnyo's applicant was required to make its election within sixty days from that date, as to which end of the claim it would retain and patent, in default of which election the entry of the southerly portion became cancelled, and the Kohnyo's claimant did not make such election until June, 1898, that the entry became cancelled as to the ground in controversy, at the expiration of sixty days from May 28, 1895, and thereupon the tract reverted to the public domain. The Land Department ruled otherwise. It treated the order of May 28, 1895, as suspended during the intermediate period, while the proceedings as to the knowledge of the placer claimant of the existence of the Kohnyo lode were pending. ' Manifestly because if it was known by the placer applicant at the time of application for the patent that the Kohnyo vein extended through the placer ground, then the vein did not pass by the patent, and the Kohnyo's claimant might be entitled to patent both ends of its claim, embracing the vein and a strip through the placer location.

And when on July 15, 1898, the Department cancelled the Kohnyo entry as to the tract in controversy, it was declared that: "In view of the fact that no motion for a review of the departmental decision of May 7, 1898, affirming the decision of this office of May 28, 1895, was filed within the time prescribed by the rules of practice, the decision last mentioned became final, and it now devolves upon this office to execute the same."

The election, then, by the Kohnyo claimant, filed in the Land Office June 14, 1898, was an abandonment of the south seven hundred feet of the Kohnyo claim, which took .effect *eo instanti*. Lindley, §§ 642, 643, 644; *Derry* v. *Ross*, 5 Colo-

rado, 295, 300. This was voluntarily done, and took effect notwithstanding the receiver's receipt had not been formally cancelled. The order of cancellation of July 15 simply recorded a preëxisting fact, and did not change the effect of the previous abandonment. By reason of that abandonment the southerly tract, for the first time, reverted to and became a part of the public domain. And as the Hobson's Choice was the first location of the ground made after such abandonment, it follows that it was valid, and that its owner was entitled to a decision in its favor.

We again state the dates of the respective locations. The Scorpion was located May 13, 1898. The Hobson's Choice was located June 23, 1898. The location of the P. G. was July 16. Thus it is seen that the Scorpion was attempted to be located at a time when the premises were not subject to location; that the Hobson's Choice was located when the premises had reverted to the public domain; and that the location of the P. G. was after that date.

We have accepted the rulings of the Land Department that the Kohnyo location covered the southerly as well as the northerly end of that claim. Such was the decision of May 28, 1895, and that of the Secretary of the Interior of May 7, 1898, and the formal cancellation of July 15, 1898. In this separate distinct proceeding counsel cannot challenge these rulings. The attack is collateral and cannot be entertained. *Steel* v. *Smelting Company*, 106 U. S. 447; *Smelting Company* v. *Kemp*, 104 U. S. 636. True those decisions refer to instances where the patent had issued, but the principle of freedom from collateral attack is equally applicable where final entry has been made. The final certificate issued by the receiver after the submission of final proof and payment of the purchase price, where such is required, has been repeatedly held to be for many purposes the equivalent of a patent. We are advised in argument that the patent was issued, but it is objected that though such may be the fact it is not so stated in the facts agreed.

The cancellation of the entry of the seven hundred feet did

not rest on any defect in the original location. On the contrary, the Land Department held the proceedings sufficient to entitle the Kohnyo claimant to proceed to patent for this particular tract if it should so elect. It was only when the Kohnyo claimant abandoned that tract by making its election that it waived its right to patent it, and permitted the receiver's receipt to be cancelled to that extent.

That cancellation did not itself operate to restore the southerly tract to the public domain, which had already taken place by the action of the Kohnyo claimant in compliance with the judgment of the Land Department.

We concur in the conclusions of the Supreme Court of Colorado, and the judgments are

*Affirmed.*