UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION v. SOUTH ATLANTIC DRY DOCK CO.*

Circuit Court of Appeals, Fifth Circuit. May 23, 1927.

No. 4954.

1. Appeal and error ⬅185(1)—Jurisdiction of trial court may be questioned for first time on appeal.

Question of trial court's jurisdiction may be raised on appeal, even if not raised below.

2. Courts ⬅293—Suit against corporation organized under laws of United States, involving requisite amount, held maintainable in federal court (Judicial Code, § 24 [1], being Comp. St. § 991).

Suit against a corporation, other than a railroad company, organized under the laws of the United States, is under Judicial Code, § 24(1), being Comp. St. § 991, maintainable in federal court as one arising under the laws of the United States, the requisite amount being in controversy.

3. Courts ⬅293—Federal court's jurisdiction of action against federal corporation is not taken away, where United States owns more than half of stock (Comp. St. § 991d).

Jurisdiction of federal court of a suit against a corporation organized under act of Congress is unaffected by Act Feb. 13, 1925, § 12 (43 Stat. 941 [Comp. St. § 991d]), where the government of the United States owns more than half of its stock.

4. Appeal and error ⬅176—Contention inconsistent with formal admission below is not maintainable on appeal.

Contention by appellant on appeal, being inconsistent with its formal admission below, is not maintainable.

5. Stipulations ⬅14(1)—Stipulation held to confess right to recover something unless defendant's claims were sustained in their entirety.

Stipulations in effect admitting that at time of commencement of suit there was due by defendant to plaintiff so much of the sum claimed by plaintiff as was in excess of the aggregate of

*Rehearing denied July 18, 1927.

the sums defendant was entitled to have the benefit of under its claim by way of recoupment or in reduction of damages (aggregating the amount of plaintiff's claim) *held* to confess plaintiff was entitled to recover something unless defendant sustained in their entirety its claims by way of recoupment or in reduction of damages.

6. **Trial ⚖➞144—In view of admission in stipulation and evidence against defendant's claims, instruction that plaintiff was not entitled to recover held properly refused.**

Defendant having by stipulation admitted plaintiff was entitled to recover something, unless defendant sustained in their entirety its claims by way of recoupment or in reduction of damages, and there being evidence to support finding against defendant's claims in part, *held*, instruction having the effect of forbidding finding for plaintiff in any amount was properly refused.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action by the South Atlantic Dry Dock Company against the United States Shipping Board Emergency Fleet Corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 284 F. 723.

Francis L. Poor, Asst. U. S. Atty., of Jacksonville, Fla., and I. V. McPherson, Sp. Asst. Atty. Gen. (William M. Gober, U. S. Atty., of Tampa, Fla., Chauncey G. Parker, Gen. Counsel U. S. Shipping Board E. F. C., of Washington, D. C., on the brief), for plaintiff in error.

John W. Dodge, of Jacksonville, Fla., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. When this suit, which was an action by the defendant in error, South Atlantic Dry Dock Company, a Maryland corporation (herein called the plaintiff), against the plaintiff in error, United States Shipping Board Emergency Fleet Corporation, alleged in the declaration to be a corporation organized and existing under the laws of the District of Columbia (herein called the defendant), was in this court on a former writ of error, the judgment for plaintiff then under review was reversed because of errors in giving and refusing instructions with reference to the asserted right of the defendant to set up, by way of recoupment or reduction of damages against the claims asserted by plaintiff for work and materials performed or furnished by plaintiff and its assignors, two partnerships called, respectively, Duval Ship-Outfitting Company and Duval Dry Dock Company, the amounts of profits paid to those firms, while it was unknown to and concealed from defendant that they were composed of its employees, on contracts with said firms in which such employees, as members thereof, had interests adverse to those of their employer, the defendant. United States Shipping Board E. F. Corp. v. South Atlantic Dry Dock Co., 300 F. 56.

The opinion then rendered sets out the plea, called the amended third plea, which alleged the fraud committed on defendant by the Duval Ship-Outfitting Company, composed of defendant's employees L. W. Walter, James H. Strang, and H. C. Thomas, and by the Duval Dry Dock Company, composed of said Walter and Strang, in securing contracts with defendant and obtaining profits therefrom, while concealing from defendant that it was dealing with its own employees having interests adverse to those of the employer. In the trial which resulted in the judgment now under review, issue was joined on that plea, and also on a plea filed on February 25, 1925, which set up, by way of recoupment or in reduction of damages, the amounts paid by defendant to the firms mentioned on account of wages paid by those firms to other employees of the defendant, captains and engineers of ships, who were receiving wages from the defendant while they, without the knowledge of the defendant, were also receiving wages from those firms.

In the last trial, by stipulation between the parties, which was submitted before the taking of testimony was begun, admissions including the following were made:

Prior to May 31, 1919, the date alleged in said amended third plea of defendant's discovery that its employees were members of said firms, defendant paid to said firms $19,028.28 as profits under said contracts with said firms for labor and work done and materials furnished under those contracts. Prior to May 31, 1919, defendant paid to said two firms sums amounting to $6,815.91 on account of the employment by said firms of persons who were employees of defendant as officers of ships and were paid by defendant monthly salaries as such officers (the aggregate of the two just mentioned amounts, $25,844.22, is the total amount of the principal claimed by plaintiff, as shown by its bill of particulars as amended).

"It is further stipulated that the amount sued for by the plaintiff, as shown by its bill of particulars as amended, is correct as to the amount of said claims and as to the performance of the work represented by such claims,

and the same was due by the defendant to the plaintiff at the time of the commencement of this suit, in the amount and for the work and labor set forth, unless the defendant is entitled to a recoupment against said claim, or a reduction in damages therefrom by reason of the facts alleged in its amended third plea and its additional plea filed herein on February 25, 1925."

In the last trial there was evidence tending to prove the following:

The Duval Ship-Outfitting Company was organized about the last of December, 1918; the partners comprising it being L. W. Walter, H. C. Thomas, and Charles Strang. At that time Walter and Thomas were employees of defendant. From the time that firm made its first contract with the defendant Walter did nothing as an employee of the defendant which had any connection with a contract between the defendant and a firm of which Walter was a member. Officials of the defendant who acted for it in giving contracts to the Duval Ship-Outfitting Company and to the Duval Dry Dock Company knew, when those contracts were given, that Walter was a partner of the firm contracted with. Under the terms of the employment of Thomas by the defendant, he had the privilege of contracting for work done by himself or by a firm of which he was a member. James H. Strang, an employee of the defendant, took part in the organization of the Duval Ship-Outfitting Company. He did so for his brother, Charles Strang, who was absent from Jacksonville when that firm was organized, but reached there soon afterwards, and was active in the conduct of the business of that firm and of its successor, Duval Dry Dock Company. James H. Strang never had any beneficial interest in either of those firms.

The only contracts entered into between defendant and Duval Ship-Outfitting Company were for work and labor on two ships. When those contracts were made, the officials of the defendant, who acted for it in making them, knew who composed the firm which was contracted with. During the latter part of January, 1919, the Duval Ship-Outfitting Company was dissolved, and was succeeded by Duval Dry Dock Company, a partnership composed of L. W. Walter and Charles Strang. Defendant's officials, who acted for it in making contracts with that firm, knew who composed it when those contracts were made. Most of the contracts under which profits in question were paid by the defendant were between the defendant and Duval Dry Dock Company. A phase of the evidence tended to prove that a substantial part

of the $19,028.28 profits referred to in the above-mentioned stipulation was paid under contracts between defendant and Duval Dry Dock Company when no employee of the defendant was a member of that firm, and in which contracts no one ever had any interest while he was an employee of defendant. There was other evidence in conflict with that above mentioned.

At the conclusion of the evidence the court refused to give the following charge requested by the defendant: "The court charges the jury that, under the admissions of the parties, the law, and the evidence in this case, plaintiff is not entitled to recover." The amount of the verdict and judgment, $19,028.28, with interest from commencement of suit, indicates that defendant was allowed, by way of recoupment or in reduction of damages claimed by plaintiff, the amount of payments referred to in the plea which was filed on February 25, 1925.

The above-mentioned ruling is challenged on the following grounds: (1) That the court did not have jurisdiction of the suit, the controversy involved being one between a citizen of a state and a corporation which is a citizen of the District of Columbia; (2) that the defendant is not subject to be sued on the contracts alleged in the declaration, as in making those contracts it acted in its capacity as an agent of the United States of America; (3) that the frauds pleaded by way of recoupment, or in reduction of damages, having been proved by practically uncontroverted evidence, the defendant was entitled to a directed verdict in its favor.

[1-3] Whether the question of the court's jurisdiction was or was not raised by requesting the above set out charge, or otherwise, in the court below, is not material; as that question may be raised for the first time in this court. The defendant being a corporation, other than a railroad company, organized under the laws of the United States, a suit by or against it is maintainable in a federal court as one arising under the laws of the United States, when, as it does in this suit, the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. Judicial Code, § 24 (1), being Comp. St. § 991; Sloan Shipyards v. U. S. Fleet Corp., 258 U. S. 549, 42 S. Ct. 386, 66 L. Ed. 762; Matter of Dunn, 212 U. S. 374, 29 S. Ct. 299, 53 L. Ed. 558; Supreme Lodge v. England (C. C. A.) 94 F. 369; Supreme Lodge v. Hill (C. C. A.) 76 F. 468. Even the change of the law made, since this suit was begun, by the Act of February 13, 1925 (43 Stat. 941 [Comp.

St. § 991d]), does not affect the jurisdiction of a suit brought by or against a corporation incorporated by or under an act of Congress, wherein the government of the United States is the owner of more than one-half of its capital stock. The defendant is such a corporation.

[4] When this case was here before, it was decided that the defendant was subject to suit and judgment against it on the contracts alleged and sued on. Furthermore, as above indicated, in the trial which resulted in the judgment now under review, the defendant formally admitted that a stated amount in excess of that for which the verdict and judgment against it were rendered "was due by the defendant to the plaintiff at the time of the commencement of this suit. * * * for the work and labor set forth, unless the defendant is entitled to a recoupment against said claim, or a reduction in damages therefrom by reason of the facts alleged in its amended third plea and its additional plea filed herein on February 25, 1925."

A fact or conclusion admitted by a party in the trial court for the purposes of the trial is not open to be controverted or put in issue by that party in the appellate court. Brown v. Gurney, 201 U. S. 184, 190, 26 S. Ct. 509, 50 L. Ed. 717. The contention under consideration is inconsistent with a formal admission made by the defendant in the trial court, which imported that its relation to the contracts sued on was such as to make it liable and suable thereon. Because of that fact, in addition to the reasons supporting conclusions stated in the opinion rendered when this case was here before, that contention is not sustainable.

[5, 6] In effect the above-mentioned stipulation admitted that at the time of the commencement of the suit so much of the sum of $25,844.22 was due by the defendant to plaintiff as was in excess of the aggregate of the sums the defendant was entitled to have the benefit of under its asserted claims by way of recoupment or in reduction of damages. The defendant was in the position of confessing that plaintiff was entitled to recover something unless the defendant sustained in their entirety its claims by way of recoupment or in reduction of damages. The record does not justify the contention that substantially uncontroverted evidence showed that all of defendant's payments to plaintiff's assignors of profits, amounting to $19,028.28, were vitiated by the frauds alleged in the above-mentioned pleas.

It is not fairly open to dispute that a phase of the evidence furnished support for a finding that a substantial part of those profits were paid to Duval Dry Dock Company under contracts made with it when no employee of the defendant was connected with that firm, which contracts and payments thereunder were not vitiated by any fraud practiced on the defendant. There being evidence to support a finding that defendant was not entitled, by way of recoupment or in reduction of damages, to the benefit of the total amount of profits stated in the stipulation, and above referred to, and defendant having made a formal admission to the effect that in such event a recoverable amount was due by it to plaintiff, the court did not err in refusing to give an instruction having the effect of forbidding the jury to find for the plaintiff in any amount.

We conclude that the ruling complained of was not erroneous, and that the record shows no reversible error.

The judgment is affirmed.