**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2015

Lyle W. Cayce
Clerk

No. 14-50895

———————

ANA GARCIA DE BECK, Individually, Owner and Officer; AGB ENTERPRISES, INCORPORATED, for Profit Corporation, Chartered in the State of Texas; SAN ANTONIO DENTAL MANAGEMENT GROUP; SAN ANTONIO DENTAL LABORATORY,

Plaintiffs – Appellants

v.

UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE,

Defendant-Third Party Plaintiff – Appellee

v.

INTERVEST INTERNATIONAL FOUNDATION OF STOCKHOLM, SWEDEN,

Defendant-Third Party Defendant – Appellant

ROBERT LEE BECK; JB VEGA CORPORATION,

Third Party Defendants – Appellants

———————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:11-CV-45

———————

No. 14-50895

Before DAVIS, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiffs-Appellants Ana Garcia De Beck ("Ana"), AGB Enterprises, Incorporated ("AGB"), San Antonio Dental Management Group ("Dental Management"), and San Antonio Dental Laboratory ("Dental Lab") (collectively, "Plaintiffs") and Third Party Defendants Robert Lee Beck ("Beck") and JB Vega Corporation ("Vega") appeal various aspects of the district court's judgment (1) finding Beck liable for unpaid income and employment taxes and AGB liable for unpaid employment taxes and (2) ordering the sale of AGB, Beck's dental practice, and 498 Borgfeld Road in San Antonio (the "Borgfeld Property"). Third Party Defendant Intervest International Foundation of Stockholm, Sweden ("Intervest") appeals the default judgment entered against it.

Beck is a dentist in San Antonio, Texas. From 1991 to 1995 and 1998 to 2012, Beck failed to pay income taxes. As of March 2014, Beck owed more than $3.8 million in income taxes, penalties, and interest, and more than $105,000 in employment taxes, penalties, and interest for his dental practice. AGB owed over $200,000 in employment taxes, penalties, and interest.

After a bench trial, the district court ruled that Beck controlled the Borgfeld Property and that Vega held the property as his nominee, alter ego, and transferee. The district court also ruled that Beck is the true owner of the dental practice. In rulings unchallenged on appeal, the district court ordered that Beck pay $3,888,757.93 for income taxes and $105,614.57 for employment taxes; it also ordered that AGB pay $213,569.22 for employment taxes. The

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

district court further ordered that all of Beck's property, including AGB, the dental practice, and the Borgfeld Property, were encumbered by federal tax liens to secure the monetary judgments.  Finally, the district court issued a take-nothing judgment against Ana, AGB, Dental Lab, and Dental Management in their wrongful levy action, finding that the levy was not wrongful.

The district court had jurisdiction over Ana's complaint under 26 U.S.C. § 7426(a)(1).  The district court also had jurisdiction over the Government's collection suit under 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1340 and 1345.  The district court entered a final judgment on August 21, 2014.  Ana, AGB, Dental Lab, Dental Management, and Beck timely appealed, as did Vega and Intervest.  Reviewing factual findings for clear error and legal conclusions de novo and concluding that the district court did not commit reversible error and that some parties lack standing, we DISMISS in part and AFFIRM in part as follows:

1. Although Beck, Ana, AGB, Dental Lab, Dental Management, and Vega appeal the district court's determination that Beck is the true owner of the Borgfeld Property, we conclude that only Vega, which alleges it is the "true owner," has standing to assert this challenge.  The other parties do not claim to be owners or to be harmed by this outcome.  Thus, they lack standing, and we DISMISS their appeal on this issue.  *See Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 208 (5th Cir. 1994) ("[A] party generally may not appeal a district court's order to champion the rights of another . . . ."); *cf. United States v. Doyal*, 462 F.2d 1357, 1358–59 (5th Cir. 1972) (appellant could not institute action under 26 U.S.C. § 7426 on behalf of third party where taxpayer specifically disclaimed any

interest in property owned by third party).  With respect to Vega, we conclude that the district court did not commit reversible error in its factual findings and legal conclusion that Vega held title to the Borgfeld Property as the nominee of Beck.  *See Oxford Capital Corp. v. United States*, 211 F.3d 280, 284 (5th Cir. 2000).[1]

2. We also reject Plaintiffs' due process claim regarding an alleged failure to comply with 26 U.S.C. § 6331(d)(1) in connection with a notice of levy sent to AGB, Dental Management, Dental Lab, and Ana on April 14, 2010.  Plaintiffs "agreed to not pursue" their wrongful levy claims at trial.  Thus, Plaintiffs cannot now challenge the notice of levy to these four parties on appeal.[2]  *See Nasti v. CIBA Specialty Chems. Corp.*, 492 F.3d 589, 595 (5th Cir. 2007) ("If an argument is not raised to such a degree that the district court has an opportunity to rule on it, we will not address it on appeal." (citation and internal quotation marks omitted)); c*f. U.S. Shipping Bd. Emergency Fleet Corp. v. S. Atl. Dry Dock Co.*, 19 F.2d 486, 489 (5th Cir. 1927) ("A fact or conclusion admitted by a party in the trial court for the purposes of the trial is not open to be controverted or put in issue by that party in the appellate court.").

---

[1]  We also conclude that the district court's refusal to admit the administrative record as a discovery sanction was not reversible error. Nor was it error to apply an adverse inference to Beck's claiming of Fifth Amendment privilege at the trial of this civil case.

[2] Though the court later entered a judgment against AGB for unpaid employment taxes, the notice of levy named Beck as the taxpayer and AGB as a nominee, alter ego, and/or transferee of Beck.  Plaintiffs' complaint asserted several violations of § 7426(a)(1), which provides the exclusive means for a person other than the taxpayer to challenge the validity of an IRS levy. *See EC Term of Years Trust v. United States*, 434 F.3d 807, 810 (5th Cir. 2006).  To the extent AGB sought to challenge the levy as a taxpayer and not as a third party, it cannot do so through a wrongful levy claim.  *See* § 7426(a)(1) (wrongful levy claim is available to "any person (other than the person against whom is assessed the tax out of which such levy arose)").

No. 14-50895

3. At oral argument, Beck and AGB's counsel indicated that those parties "intended" to appeal the district court's rulings regarding the dental practice, not just the Borgfeld Property. Because neither AGB nor Beck included the issue in the statement of issues or explained that they intended to appeal this point, they waived the issue. *See X Techs., Inc. v. Marvin Test Sys., Inc*, 719 F.3d 406, 411 n.3 (5th Cir. 2013) (party waived issue by, inter alia, failing to include it in statement of issues). In any event, the claim fails on its merits.

4. Intervest argues that the default judgment against it was improper because the Government improperly served Peter Eng as the president of Intervest when Peter Eng was not an officer. To the contrary, the record shows that Eng was designated as an officer of Intervest in the company's charter. Both federal and Texas law permit service on an officer of a corporation. *See* FED. R. CIV. P. 4(h)(1); TEX. BUS. ORGS. CODE § 5.255. Additionally, an attorney entered an appearance on behalf of Intervest in the trial court and did not challenge the default judgment entered at the end of the bench trial, waiving any defense based on imperfect service. *Broadcast Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 281 (5th Cir. 1987). We AFFIRM the district court's judgment.