D. G. LORENZI, KIRK CORNWELL, ORAL TAYLOR AND C. D. CHURCHFIELD, Copartners Doing Business Under the Name of CLARK COUNTY INDUSTRIES, Appellants, *v.* NANYU TOMIYASU, HORACE V. COLBERT, HARRIET J. STRICKLER, U. TOMIYASU, RUPERT O. LANE, AND C. A. EDDY, Respondents.

No. 3496

September 27, 1948.                    197 P.2d 703.

*Leo A. McNamee,* of Las Vegas, and *William J. Crowell,* of Tonopah, for Appellants.

*George Rudiak,* of Las Vegas, for Respondents.

## OPINION

By the Court, MAESTRETTI, District Judge:

Action by appellants to quiet title to certain placer mining claims located in Nye County, Nevada, designated as Red Cone Placer Mining Claim, the Red Bird

Placer Mining Claim, the Right Spot Placer Mining Claim, the Nevada Placer Mining Claim, and the Red Cone Extension Placer Mining Claim, a description of each being set forth and described in detail in the complaint.

Defendants and respondents filed their answer and cross complaint, asserting ownership of the ground in question, designating the same by the names of Desert Volcano Cone Placer No. 1, Desert Volcano Cone Placer No. 2, Desert Volcano Cone Placer No. 3, and Desert Volcano Placer No. 4.

Plaintiffs and appellants replied to the answer and cross complaint denying the claim of title set out in defendant's and respondent's cross complaint on the ground that the location by defendants and respondents was invalid in that the ground was not subject to location, and was at the time in the lawful possession of plaintiffs and appellants.

In support of plaintiffs' and appellants' claim of right of possession of the disputed claims, plaintiffs offered in evidence the records of location of the said Red Cone, Red Bird, Right Spot, and the Nevada Placer Mining Claims as they appeared of record in Nye County, Nevada. Objection to the introduction of said certificates by defendants and respondents on the ground that they did not contain the post-office address of the locators was sustained by the court. The certificate of location of the Red Cone Extension Placer was admitted in evidence by the court.

After the court's rejection of the aforesaid certificates, plaintiffs offered to prove that the locations of the claims in the respective rejected certificates has been legally made. This offer was likewise rejected by the court. The court on motion of defendants then granted a non-suit as to the Red Cone Placer, the Red Bird Placer, the Right Spot Placer and the Nevada Placer Mining Claims.

Defendants' offer of proofs in support of their cross complaint was denied upon objection of plaintiffs.

In its decree the court rendered judgment quieting plaintiffs' title to Red Cone Extension Placer Mining Claim, but dismissed the action as to Red Cone, the Red Bird, the Right Spot, and the Nevada Placer Mining Claims, and further decided that neither the plaintiffs nor the defendants had any title to last-named mining claims, and further that none of the defendants had any estate or title to the mining claims described in defendant's cross complaint, to-wit: The Desert Volcano Cone Placer No. 1, Desert Volcano Cone Placer No. 2, Desert Volcano Cone Placer No. 3, and Desert Volcano Cone Placer No. 4.

In due time plaintiffs filed notice of intention to move for new trial, and later a motion to set aside a portion of the decision as set forth in the respective motions on file herein. These were denied, as was plaintiffs' motion for new trial.

The appeal is taken from that portion of the court's judgment denying plaintiffs any title to the Red Cone, Red Bird, Right Spot and the Nevada Placer Mining Claims, and from the order denying motion for a new trial.

Plaintiffs claim in their opening brief that there is only one question to be decided on this appeal, to-wit: Is a certificate of location of a placer mining claim located in Nevada subsequent to July 1, 1941, void under the law of the State of Nevada if it does not contain the post-office address of the locator or locators? Respondents, in their answering brief concede that issue as being the principal issue, but seek to discuss it with two subordinate headings which they set forth on page 3 of their answering brief. We feel that an answer to the issue suggested by plaintiffs would make a discussion of the so-called subordinate headings unnecessary.

Section 4133 N.C.L., relating to location of placer claims makes no requirement as to the address of the locator of a placer claim. We have no authority under

the law to write in an additional requirement for placer locations.

From the foregoing we feel that the court below erred in rejecting plaintiff's offer in evidence of the certificate of location of the Red Cone Placer Mining Claim.

It is, therefore, ordered that the judgment and orders appealed from are reversed and the cause is remanded for new trial.

HORSEY and BADT, JJ., concur.

EATHER, C. J., being absent by reason of illness, the Governor commissioned Hon. A. J. MAESTRETTI, District Judge of the Second Judicial District, to act in his place.