**Harley W. GUSTIN, Plaintiff,**

v.

**NEVADA–PACIFIC DEVELOPMENT CORP., a Nevada corporation, V. E. Willey, G. F. Sturdevant, C. Fitch, L. A. Prisk, Bill Gregory, D. Hulbert and George N. Tausan, Defendants.**

No. 936.

United States District Court,
D. Nevada.
June 24, 1954.

Richard R. Hanna, Carson City, Nev., Fred H. Evans, Salt Lake City, Utah, for plaintiff.

William J. Crowell, Tonopah, Nev., Walter Rowson, Reno, Nev., Paul D. Laxalt, Carson City, Nev., for defendants.

FOLEY, Chief Judge.

This is an action brought by plaintiff Harley J. Gustin to quiet title to certain lode mining claims situated in Nye County, State of Nevada, known as Kay Cooper Nos. 1 to 11 inclusive. The defendants by counterclaim seek to quiet title to lode mining claims known as Ray Ricketts Nos. 1 to 4, both inclusive.

At the beginning of the trial the following colloquy occurred:

"The Court: Was there something here in the nature of an accounting agreement?

"Mr. Ross: [For defendants] There is a supplmentary proceeding and your Honor will recall that we had a hearing in court, in which the order was entered that the defendant file an account of certain labor done, and that has been done and report is in court, but I assume we are not concerned with it at the moment.

"Mr. Hanna: [For plaintiff] I believe that is true. The matter of accounting and temporary injunction was ancillary to the issues before the Court at the present moment. In other words, we are now before the Court on complaint to quiet title and there has been introduced, by cross-complaint, an action to quiet title on the part of the

defendants against the plaintiff. The Court will not be required, nor is there anything before the Court, as to temporary injunction or accounting, which was ancillary and which has been disposed of. Is that true, counsel?

"Mr. Ross: That is correct."

It is plaintiff's position that there is no conflict between plaintiff's Kay Cooper Nos. 1 and 7 and the Ray Ricketts ground. The defendants contend that the remaining Kay Cooper claims Nos. 2, 3, 4, 5, 6, 8, 9, 10 and 11, located on various dates between the 12th day of June, 1948, and the 30th day of September, 1949, conflict in part with Ray Ricketts Nos. 1 to 4 inclusive, and defendants contend that as to such conflicts the said Kay Cooper claims are inferior and subordinate to the Ray Ricketts Nos. 1 to 4.

The certificates of location with respect to Kay Cooper claims Nos. 1 to 5 inclusive were not recorded in the office of the county recorder within the 90-day period provided by § 4122, Nevada Compiled Laws 1929, as amended in 1941. The certificates of location pertaining to the Kay Cooper claims Nos. 6 to 11 inclusive were recorded within said 90-day period. However, certificates of location pertaining to the Kay Cooper claims Nos. 1 to 5 inclusive were recorded after said 90-day period and more than one year prior to the recording of any certificates of location pertaining to the Ray Ricketts claims.

Defendants rely upon one or both of two different acts of location respecting the Ray Ricketts: The locations made in 1947 or the locations or relocations of the Ray Ricketts Nos. 1 to 4 in 1951.

In the defendants' answering brief, pp. 4 and 5, defendants concede that the 1947 Ray Ricketts locations were not valid for the reason that the locator or locators thereof failed to record certificates of location within the prescribed time.

Plaintiff, acknowledging failure of locators of Kay Cooper Nos. 1 to 5 to file and record within the 90-day period certificates of location, asserts that the filing of said certificates of location after the 90-day period and before any intervening rights were claimed or established gives validity to the Kay Cooper Nos. 1 to 5 locations.

That portion of § 4122, Nevada Compiled Laws 1929, with which we are here concerned, read as follows, prior to the amendment of 1941:

"§ 4122. * * * Any record of the location of a lode mining claim which shall not contain all the requirements named in this section shall be void * * *."

That portion of § 4122 as amended in 1941, pertinent here, is:

"§ 4122. * * * Any record of the location of a lode mining claim which shall not contain all the requirements named in this section shall be void, and every location of a mining claim made after the effective date hereof shall be absolutely void unless a certificate of location thereof substantially complying with the above requirements is recorded with the county recorder of the county in which the claim is located within ninety (90) days after the date of location. * * *"

Sec. 28 of Title 30 U.S.C.A. makes the manner of locating mining claims and recording them subject to such provisions of the state law as are not inconsistent with the laws of the United States. The Supreme Court of the United States in Butte City Water Company v. Baker, 196 U.S. 119, 127, 25 S.Ct. 211, 213, 49 L.Ed. 409, speaking through Mr. Justice Brewer, said:

"The Montana statute (Montana Codes Annotated, § 3612), among other supplementary regulations, provided that the declaratory statement filed in the office of the clerk of the county in which the lode or claim is situated must contain 'the dimensions and location of the discovery shaft, or its equivalent, sunk upon lode or placer claims,' and 'the

location and description of each corner, with the markings thereon.' A failure to comply with these regulations was the ground upon which the supreme court of Montana held the location invalid. It is contended that these provisions are too stringent, and conflict with the liberal purpose manifested by Congress in its legislation respecting mining claims. We do not think that they are open to this objection. They certainly do not conflict with the letter of any congressional statute; on the contrary, are rather suggested by § 2324 [sec. 28, Title 30 U.S. C.A.]. It may well be that the state legislature, in its desire to guard against false testimony in respect to a location, deemed it important that full particulars in respect to the discovery shaft and the corner posts should be, at the very beginning, placed of record. Even if there were no danger of false testimony, it was not unreasonable to guard against the resurrection of incomplete locations when, by subsequent explorations, mining claims of great value have been uncovered.

"We see no error in the rulings of the Supreme Court of Montana, and its judgment is affirmed."

Prior to the 1941 amendment of § 4122, Nevada Compiled Laws, the failure to record a certificate of location of a lode mining claim within the time prescribed by statute, or at all, had no effect on the validity of the location but merely on the record and its value as evidence. Ford v. Campbell, 29 Nev. 578, 92 P. 206.

■ From the foregoing it must necessarily follow that the location of the Kay Cooper claims Nos. 1 to 5 inclusive were rendered void by the failure of the locators to record within the prescribed 90-day period certificates of location. To hold otherwise would be contrary to the mandate of a statute expressed in plain and unambiguous terms.

■ Paraphrasing Mr. Justice Beatty in Gleeson v. Martin White M. Co., 13 Nev. 442, 459, it may be said here the language of the amendment to § 4122 is plain and unambiguous, and whatever may be the Court's opinion of the impolicy of the changes effected by it,. the Court is bound to submit and conform to its requirements. If the terms of the statute left any room for construction the argumentum ab inconvenienti might be entitled to great weight, but it cannot be invoked where the language of the law is so plain as it is in this instance.

■ No decision of a Nevada State Court construing § 4122, as amended, has been called to the Court's attention. The nearest approach is the case of Lorenzi v. Nanyu Tomiyasu, 65 Nev. 390, 197 P.2d 703, from which case it may be inferred that § 4122, Nevada Compiled Laws, as amended in 1941, is not applicable to placer mining claims.

The impolicy of the 1941 amendment to § 4122, Nevada Compiled Laws 1929, seems apparent to the Court for two reasons:

1. The legislature in not amending § 4133, the section having to do with requisites and recording of location certificates for placer mining claims, has given a different effect to certificates of location to placer mining claims than that of lode mining claims. No good purpose for such a distinction is disclosed. Why should the force and effect of certificates of location of lode mining claims be different from that of placer mining claims? An answer to that query cannot be found in the administration of the mining laws of the United States or in any of the prior supplementary legislation of Nevada or in the rules of miners.

2. The 1941 amendment is a severe and confusing, but unfortunately legal, prerequisite to the location of a lode mining claim and out of harmony with the time honored policy of the mining law that the rules and regulations looking to the valid location of mining claims, while being sufficient to insure the acquisition and protection of valuable property rights, should be simple and easily understood by the ordinary prospector.

An illustration of the foregoing is to be had here in the Court's reluctant ruling as to the effect of the failure to file a certificate of location pertaining to the claims Kay Cooper Nos. 1 to 5 inclusive.

Certificates of location substantially containing the six requisites provided by said § 4122 constitute by express language of said statute prima facie evidence of the facts properly contained therein including dimensions, locations of discovery shaft or its equivalent and the fact of discovery of a lode or vein in place. The certificates of location in evidence here as to Kay Cooper Nos. 6 to 11 and Ray Ricketts 1951 locations Nos. 1 to 4 appear to have been filed in substantial compliance with said § 4122 as amended.

The evidence clearly shows that the location of Ray Ricketts No. 2 in 1951 is based upon a discovery within the confines of Kay Cooper No. 8, a prior, valid and subsisting claim. This is indicated by defendants' Ex. B which is recognized by plaintiff, p. 2 of his opening brief, as "the composite map combining what is shown by plaintiff's Exhibit 11 and defendants' Exhibit A." It must necessarily follow that the Ray Ricketts No. 2 mining claim is absolutely void. In Swanson v. Sears, 224 U.S. 180, 32 S.Ct. 455, 56 L.Ed. 721, Mr. Justice Holmes held:

"A location and discovery on land withdrawn quoad hoc from the public domain by a valid and subsisting mining claim is absolutely void for the purpose of founding a contradictory right."

Mr. Charles W. Hulbert, one of the original locators of the Ray Ricketts claims testified, p. 250 of Transcript:

"Q. [By Mr. Ross] Now going on to Ray Ricketts No. 3, did the four of you build a similar type of discovery monument on that claim?

"A. No, no. We put a post up down there on No. 3.

"Q. On No. 3 . . .

"A. On No. 3, where we thought there might be something, but we didn't find nothing, just sand, and so . . ."

In his testimony in reference to the alleged Ray Ricketts locations made in 1951, the same witness, Mr. Hulbert, testified, p. 290 of Transcript, as follows:

"Q. [By Mr. Ross] That's right. I call your attention to Ray Ricketts No. 3, 1951 location, what work did you do on that?

"A. Well, went down, sunk another sand hole and got Mr. Dayton to move his machinery there, his bulldozer in there to see if we couldn't get to hard rock, but we failed to do it.

"Q. You never struck a lode?

"A. Never did, only the sand.

"Q. You didn't strike a lode in place?

"A. No."

Mr. Gaeton Frederick Sturdevant, Superintendent of Operations of defendant Nevada-Pacific Development Corp., testified to the same effect, p. 344 of Transcript.

Mr. Justice Hawley, speaking for the Supreme Court of Nevada in Overman Silver Mining Company v. Corcoran, 15 Nev. 147, 152, stated:

"If the findings of the court as to the non-existence of any vein or ledge of gold, silver, or other metalliferous bearing ores, earth or rock, is sustained by the evidence, then the second and third points (as above stated) relied upon by appellants, need not be considered, for under the laws of congress no valid location of a mining claim can be made until a vein or deposit of gold, silver, or metalliferous ore or rock in place has been discovered. (Gleeson v. Martin White M. Co., 13 Nev. 457.)"

In Gleeson v. Martin White M. Co., 13 Nev. 442, 447, the Court said:

"The vein is the principal thing in the sense that it is for the sake

of the vein that the location is made; the surface is of no value without it; no location can be made until a vein has been discovered within its limits, and the surface must, or at least ought to, be located in conformity with the course of the vein. (R.S. 2320.)"

30 U.S.C.A. § 23, R.S. § 2320:

" * * *; but no location of a mining claim shall be made until the discovery of the vein or lode within the limits of the claim located."

From the evidence then it appears that Kay Cooper Nos. 1 to 5 inclusive are invalid and the plaintiff acquired no rights by virtue of his attempted locations.

The attempted locations in 1947 of the Ray Ricketts Nos. 1 to 4 were and are void. The 1951 attempted locations of Ray Ricketts No. 2 and No. 3 are void.

■ Plaintiff's title should be quieted as to Kay Cooper Nos. 6 to 11 inclusive and defendants' title should be quieted as to Ray Ricketts Nos. 1 and 4 but only to the extent that said Ray Ricketts Nos. 1 and 4 do not conflict with or embrace any of the land included within the Kay Cooper Nos. 6 to 11 inclusive.

At the conclusion of the plaintiff's case, defendants moved to dismiss as to Kay Cooper Nos. 1 to 5. The views above expressed sustain that motion.

There is no merit in the constitutional question raised by the plaintiff.

From the Order on Pre-trial Conference, it appears that the default of the defendants V. E. Willey, G. F. Sturdevant and C. Fitch was duly entered for failing to appear within the prescribed time after service of process; and it also appears from the Order on Pre-trial Conference that the defendant Bill Gregory quitclaimed to defendants L. A. Prisk and D. Hulbert any interest he may have had in the Ray Ricketts locations.

The Court now finds the facts and states conclusions of law as follows:

## Findings of Fact

1. That plaintiff Harley W. Gustin is now, and at all the times mentioned in plaintiff's complaint was, a resident and citizen of the State of Utah actually residing in Salt Lake County, Utah; that each of the defendants L. A. Prisk, Bill Gregory, D. Hulbert and George N. Tausan is now, and at all the times mentioned in plaintiff's complaint was, a resident and citizen of the State of California actually residing in California; and that defendant Nevada-Pacific Development Corp. is a corporation organized on or about January 31, 1951, and existing under and by virtue of the laws of the State of Nevada with its principal office and place of business in the State of Nevada at Reno, Nevada; and that defendants V. E. Willey, G. F. Sturdevant and C. Fitch were, at the time of the filing of the complaint, residents and citizens of the State of Nevada.

2. That the amount in controversy exceeds, exclusive of interest and costs, the sum of $3,000.

3. That the premises described in plaintiff's complaint, as covered by the respective alleged lode mining claims referred to in said complaint as Kay Cooper Nos. 1 to 11 inclusive, were, at the time of the location or attempted location of said respective lode mining claims, public lands of the United States subject to location under and in pursuance of the laws of the United States and of the State of Nevada.

4. That R. C. Peterson and Carl Harry Cooper, also known as Carl H. Cooper, the locators of the said Kay Cooper lode mining claims, were, at the time of said locations, citizens of the United States over the age of 21 years.

5. That the lode mining claims, Kay Cooper Nos. 6 to 11 inclusive, were located prior to October 15, 1949, in full compliance with the laws of the United States and of the State of Nevada on public lands of the United States then subject to such location of mining claims.

6. That the alleged locations of Kay Cooper No. 1, No. 2, No. 3, No. 4 and No. 5 were not made in compliance with § 4122, Nevada Compiled Laws 1929, as amended in 1941, in that certificates of location of each of said alleged claims were not recorded in the office of the county recorder of the county in which the same were situated within 90 days after the date of the pretended locations. That the alleged locations of the claims referred to as Kay Cooper No. 6, Kay Cooper No. 7, Kay Cooper No. 8, Kay Cooper No. 9, Kay Cooper No. 10 and Kay Cooper No. 11 were located prior to October 15, 1949.

7. That the Kay Cooper lode mining claims claimed by plaintiff are situate on unsurveyed public lands which, when surveyed, will probably be in the southeast portion of Township 13 North, Range 36 East, MDM. That said claims are related to the public survey as indicated by the plat, Ex. A attached to plaintiff's complaint; and that plaintiff was, and at all times mentioned in the complaint, in lawful possession of the land embraced and covered by the mining locations Kay Cooper No. 6 to Kay Cooper No. 11 inclusive.

8. That the mining claims Kay Cooper No. 6, Kay Cooper No. 7, Kay Cooper No. 8, Kay Cooper No. 9, Kay Cooper No. 10 and Kay Cooper No. 11 have each been maintained in full compliance with the laws of the United States and of the State of Nevada and that each of said mining claims is now and has been, at all times since the location thereof, a valid and subsisting lode mining claim.

9. That plaintiff has by conveyance succeeded to all the rights, title and interest of locators R. C. Peterson and Carl Harry Cooper, sometimes known as Carl H. Cooper, in, to and under each of the Kay Cooper lode mining claims Nos. 6 to 11 inclusive and in and to the land covered thereby; that plaintiff is the owner of each of said mining claims and is entitled to the sole and exclusive possession of the land covered thereby in accordance with the laws of the United States and State of Nevada relating to the location and maintenance of lode mining claims.

10. That at all times mentioned in the complaint, the plaintiff was in the quiet and peaceful possession and enjoyment of the lode mining claims Kay Cooper Nos. 6 to 11 inclusive and lawfully entitled thereto and that while plaintiff was in such lawful possession, the defendants attempted to locate mining claims called Ray Ricketts Nos. 1, 2, 3 and 4 lode mining claims covering and embracing portions of plaintiff's mining claims Kay Cooper Nos. 6 to 11.

11. That the claims of the defendants to some right, title and interest or estate in the premises covered by plaintiff's Kay Cooper Nos. 6 to 11 inclusive, or to the portions thereof included within the alleged Ray Ricketts locations, are each of them wholly wrongful and without right.

12. That on the 1st day of July, 1947, defendant Bill Gregory was, and is now, a citizen of the United States over the age of 21 years. That the alleged locations of Ray Ricketts No. 1, Ray Ricketts No. 2, Ray Ricketts No. 3 and Ray Ricketts No. 4 of 1947 were not made in compliance with the laws of the United States and the State of Nevada including § 4122, Nevada Compiled Laws 1929, as amended in 1941, in that certificates of location of each of said alleged claims were not recorded in the office of the county recorder of the county in which the same were situated within 90 days after the date of the pretended locations.

13. That the mining ground covered by defendant's purported locations, Ray Ricketts No. 1, Ray Ricketts No. 2, Ray Ricketts No. 3 and Ray Ricketts No. 4, is situate in the Mamouth or Illinois Mining District in Nye County, Nevada, approximately two miles in a northerly direction from Holly Wells and approximately six miles in a northeasterly direction from the Town of Gabbs in Nye County, Nevada.

14. That on the 29th day of May, 1950, defendant Bill Gregory conveyed,

by quitclaim deed, all of his right, title and interest to the property embraced within the alleged Ray Ricketts No. 1, Ray Ricketts No. 2, Ray Ricketts No. 3 and Ray Ricketts No. 4 lode mining claims, to defendants Prisk and Hulbert.

15. That on or about the 8th day of February, 1951, L. A. Prisk and D. Hulbert, in full compliance with the laws of the United States and the State of Nevada, located Ray Ricketts No. 1 and Ray Ricketts No. 4 lode mining claims.

16. That at the time of the attempted location in 1947 of the Ray Ricketts No. 2 lode mining claim by said defendants, or their predecessors in interest, no vein or ledge of gold, silver or other metalliferous-bearing ore, scheelite, tungsten or rock in place had been discovered, nor was any such vein or rock in place discovered subsequently thereto or at the time of or in the course of the location of said Ray Ricketts No. 2 lode mining claim in 1951, nor has there been since either of such locations of Ray Ricketts No. 2 any vein or ledge of gold, silver or other metalliferous-bearing ore, scheelite, tungsten or rock in place discovered or developed within said Ray Ricketts No. 2 except upon that portion of Ray Ricketts No. 2 which conflicts with, overlaps and embraces ground within the confines of the valid and prior existing lode location, Kay Cooper lode mining claim No. 8.

17. That at the time of the attempted location in 1947 of the Ray Ricketts No. 3 lode mining claim by said defendants, or their predecessors in interest, no vein or ledge of gold, silver or other metalliferous-bearing ore, scheelite, tungsten or rock in place had been discovered, nor was any such vein or rock in place discovered subsequently thereto or at the time of or in the course of the location of said Ray Ricketts lode mining claim No. 3 in 1951, nor has there been since either of such locations of Ray Ricketts No. 3 any vein or ledge of gold, silver or other metalliferous-bearing ore, scheelite, tungsten or rock in place discovered or developed within said Ray Ricketts No. 3.

18. That on the 2d day of February, 1951, George N. Tausan executed an assignment to defendant Nevada-Pacific Development Corp. of the lease and option to purchase agreement theretofore entered into between Drummond Hulbert and L. A. Prisk and said George N. Tausan, defendants' Ex. H.

19. That the plaintiff Harley W. Gustin claims and asserts right, title and interest to the ground embraced within the alleged lode mining claims known as Ray Ricketts Nos. 1, 2, 3 and 4 and the said claims of plaintiff as to land covered by the Ray Ricketts Nos. 1, 2, 3 and 4 conflicting with or embracing any of the ground covered by plaintiff's Kay Cooper lode mining claims Nos. 6 to 11 inclusive are valid.

20. That the claims of the defendants Nevada-Pacific Development Corp., L. A. Prisk and D. Hulbert to that portion of the Ray Ricketts lode mining claim No. 1 and Ray Ricketts lode mining claim No. 4, not in conflict with or embracing or covering any of the land included within plaintiff's Kay Cooper lode mining claims Nos. 6 to 11 inclusive, are valid.

Conclusions of Law

As conclusions of law from the foregoing facts, the Court decides:

1. That plaintiff is entitled to judgment to the following effect: That the plaintiff is the owner of the lode mining claims Kay Cooper No. 6, Kay Cooper No. 7, Kay Cooper No. 8, Kay Cooper No. 9, Kay Cooper No. 10 and Kay Cooper No. 11, and is entitled to the exclusive possession of the premises covered by each of said claims subject only to the paramount title of the United States; and that the defendants, or any of them, have no claim, right, title or interest whatever in or to the premises embraced within or covered by the said Kay Cooper lode mining claims Nos. 6 to 11 inclusive.

2. That the plaintiff is not the owner of nor entitled to possession of the premises covered by the alleged locations Kay Cooper lode mining claim No. 1, Kay Cooper lode mining claim No. 2, Kay Cooper lode mining claim No. 3, Kay

Cooper lode mining claim No. 4 and Kay Cooper lode mining claim No. 5.

3. That defendants L. A. Prisk and D. Hulbert, subject to the rights of Nevada-Pacific Development Corp., are entitled to judgment to the following effect: That the defendants L. A. Prisk and D. Hulbert, subject to the rights of Nevada-Pacific Development Corp. under the lease and option, Defendants' Ex. H, are the owners of and entitled to possession of so much of the land and premises covered by Ray Ricketts lode mining claim No. 1 and Ray Ricketts lode mining claim No. 4 not in conflict with or embracing any portion of the lands and premises embraced by any of the plaintiff's claims Kay Cooper lode mining claims Nos. 6 to 11 inclusive, and that the plaintiff has no claim, right, title or interest whatever in or to the premises embraced within or covered by the said Ray Ricketts lode mining claims Nos. 1 and 4 not in conflict with any of the Kay Cooper lode mining claims Nos. 6 to 11 inclusive.

4. That the said defendants L. A. Prisk, D. Hulbert and Nevada-Pacific Development Corp. are not entitled to the ownership nor possession of any of the lands or premises covered by or embraced within the alleged locations Ray Ricketts lode mining claims Nos. 2 and 3.

Let judgment be entered accordingly.