**NEVADA–PACIFIC DEVELOPMENT CORPORATION; V. E. Willey; G. F. Sturdevant; C. Fitch; L. A. Prisk; Bill Gregory; D. Hulbert and George N. Tausan, Appellants,**

v.

**Harley W. GUSTIN, Appellee.**

**No. 14553.**

United States Court of Appeals Ninth Circuit.

Oct. 11, 1955.

Walter Rowson, Reno, Nev., Paul D. Laxalt, Carson City, Nev., William J. Crowell, Tonopah, Nev., for appellants.

Richard R. Hanna, Carson City, Nev., Fred H. Evans, Salt Lake City, Utah, for appellee.

Before HEALY and BONE, Circuit Judges, and JAMES M. CARTER, District Judge.

HEALY, Circuit Judge.

This action was brought by appellee to quiet his title to certain unpatented lode mining claims situate in the State of Nevada. As brought, the suit involved what are designated as the Kay Cooper claims Nos. 1 to 11, inclusive. The court granted a decree, D.C., 125 F.Supp. 811, quieting title to the Kay Cooper claims Nos. 6,

7, 8, 9, 10 and 11. The appeal is from the judgment only as regards four of the claims, namely Nos. 6, 8, 9 and 10.

These claims were located by appellee's predecessors in interest during the years 1948 and 1949. Subsequently, in 1951, appellants made lode locations upon the areas embraced within the boundaries of the four claims in dispute. It is not urged that there was failure on the part of the Kay Cooper locators to comply with the Nevada statute as regards the staking of the claims or the marking of their boundaries on the ground, or in respect of the filing of location notices containing the information required by the statute to be given in them. What is argued is that the claims are invalid, hence open to subsequent location, in that there was no discovery of mineral in place as required by the Federal statute, 30 U.S.C.A. § 23.[1] Thus the sole question before us is whether there is substantial evidence in the record of the discovery of mineral in place to support the findings and decree of the court. We think there is.

To begin with, § 4122 of the Nevada statutes[2] laying down requirements in respect of location notices, their contents, and their filing and recordation, provides that "any such record, or a copy thereof duly verified by a mining recorder or duly certified by a county recorder shall be prima facie evidence of the facts therein stated." In compliance with this statute, the location notices covering the claims in controversy contained recitals of discovery giving requisite information as to the general course of the lode or vein discovered and the dimensions of the discovery shaft, or its equivalent, sunk upon each claim. Accordingly the location no-

tices themselves, introduced upon the trial, afford prima facie evidence of discovery of mineral in place.

Oral testimony on the point was introduced on both sides. That on behalf of appellee affords clear evidence of discovery in respect of Kay Cooper claims 6 and 8, but the testimony as respects discovery of mineral in place on claims 9 and 10 is not particularly satisfying. Most of appellee's witnesses were prospectors or hard-rock miners whose knowledge of technical terms appears to have been slight. Those testifying in respect of claims 9 and 10 said that they found tungsten ore in the cuts or discovery holes, but their accounts were unclear as to whether or not the ore was in place. Appellants contend that what these witnesses saw might have been and in fact was merely float. However, the witnesses neither said nor intimated that the mineral they saw was float, and their testimony was not such as would serve to rebut or diminish the effect of the prima facie case made out by the recorded notices.

Although not without precedent, the circumstances in evidence are unusual. While the exterior boundaries of the conflicting claims are not identical they embrace substantially the same ground. The mineral content of the area is tungsten. Both sets of claimants predicate their rights on the reputed discovery of tungsten ore in place. There is competent evidence, undisputed in the record, that both are claiming the same vein or lode, though the alleged discoveries thereon were made at different points along the course of the vein. In such circumstances no more than a slight showing by a prior locator of discovery of a mineral bearing vein or lode is need-

---

1. 30 U.S.C.A. § 23 in material part provides:

"Mining claims upon veins or lodes of quartz or other rock in place bearing gold, silver, cinnabar, lead, tin, copper, or other valuable deposits, located prior to May 10, 1872, shall be governed as to length along the vein or lode by the customs, regulations, and laws in force at the date of their location. A mining claim located after the 10th day of May 1872, whether located by one or more persons, may equal, but shall not exceed, one thousand five hundred feet in length along the vein or lode; but no location of a mining claim shall be made until the discovery of the vein or lode within the limits of the claim located. * * * "

2. Nevada Compiled Laws, Supp.1931–1941, Vol. 1.

ed to satisfy the legal requirements requisite to a valid location. A higher degree of proof of discovery of a vein would be necessary where, for example, the contest is between an agricultural entryman and a mineral entryman, or between a prior lode claimant and a placer claimant. Consult discussion of the subject in Lindley's authoritative text on Mines, 3d Ed., Vol. 2, p. 765.

Having in mind all aspects of the case we are of opinion that the trial court's findings and decree are supported by evidence, and the decree is accordingly affirmed.