GARY L. BARTON, County Recorder of Mineral County, and MUISTO BRAWLEY, County Recorder of Nye County, Appellants, v. LOUIS DeROUSSE, MERLE SWANSON, and MILTON WICHNER, Respondents.

No. 7660

May 30, 1975                                        535 P.2d 1289

---

*Robert List,* Attorney General, *Julian C. Smith,* Special Deputy Attorney General, *William P. Beko,* District Attorney, Nye County, and *Charles Waterman,* District Attorney, Mineral County, for Appellants.

*E. A. Hollingsworth,* of Reno, and *Milton Wichner,* of Los Angeles, California, for Respondents.

*Earl M. Hill,* of Reno, for Amicus Curiae.

## OPINION

By the Court, ZENOFF, J.:

The Nevada State Legislature in 1971 amended the provisions of Chapter 517, Nevada Revised Statutes, so that as of July 1, 1971, it became incumbent upon the establishing of new mining claims and for already existing mining claims under the provisions of Chapter 517 that maps of the location

of these claims be filed with the county recorder of the county in which such claims are situated. NRS 517.030(2), NRS 517.050(1)(e), NRS 517.080, NRS 517.100 and NRS 517.-230(3).

The respondents are holders of certain unpatented lode and placer claims in Mineral and Nye Counties. They successfully challenged in the trial court the constitutionality of Chapter 517 on the grounds that the mapping requirements are in conflict with federal law in that they are inconsistent with the federal discovery requirements of 30 U.S.C.A. 23 and the federal recordation requirement of 30 U.S.C.A. 28 that any record of the location of a claim contain ". . . such a description of the claim or claims located by reference to some natural object or permanent monument as will identify the claim," and that the Nevada statutes violate due process because they cannot be enforced.

1. As regards the mapping requirements of Chapter 517 relating to the location and recordation of location of mining claims, they are not inconsistent with the federal requirement of discovery and are not a substitute for the federal requirement of discovery. Sec. 28 of Title 30, U.S.C.A., does not preclude state laws presenting the manner of locating mining claims and recording them so long as they are not inconsistent with the laws of the United States. Butte City Water Company v. Baker, 196 U.S. 119 (1905); Gustin v. Nevada-Pacific Development Corp., 125 F.Supp. 811 (D. Nev. 1954), cert. denied, 351 U.S. 930 (1956). Thus, a state legislature, as is the case here, may impose additional burdens on the locator of a mining claim either as a requirement that the work shall be made as an incident to the location or as a condition to the subsistence of the mining claim, and can add further requirements as to the recordation of notices of location without being in conflict with federal law. Northmore v. Simmons, 97 F. 386 (9th Cir. 1899); Gustin v. Nevada-Pacific Development Corp., supra; Sisson v. Sommers, 24 Nev. 379 (1899). The mapping requirement here is not inconsistent with any provision of federal mining law and is merely an additional burden within the state's prerogative.

2. As to the trial court's determination that Chapter 517 is in violation of the federal recordation requirement that any record of the location of a claim contain ". . . such a description of the claim or claims located by reference to some natural

object or permanent monument as will identify the claim," 30 U.S.C.A. 28, a reading of NRS 517.030(2) and NRS 517.100 in conjunction with the other requirements for recordation of a certificate of location as set out in NRS 517.050(1) and NRS 517.110, reflects that the mapping requirement is in addition to the other requirements of recordation listed therein and is a graphic representation of the federal requirement of reference to some natural object or permanent monument. The maps' required contents must provide connections to an official corner of the public survey or to a claim marker if the land has not been surveyed or the official corner can't be located. Official United States surveys have been held to be permanent monuments under the federal requirement, McNulty v. Kelly, 346 P.2d 585 (Colo. 1959), and the claim marker, as defined in NRS 517.030, appears to qualify as a permanent monument or natural object under the federal requirement. North Noonday Mining Co. v. Orient Mining Co., 1 F. 522, 534 (C. C. Cal. 1880); Book v. Justice Min. Co., 58 F. 106, 113 (C.C.D. Nev. 1893); Southern Cross Co. v. Europa Co., 15 Nev. 383 (1880); Bismark Mountain Gold M. Co. v. North Sunbeam Gold Co., 95 P. 14 (Idaho 1908). When considered together the Nevada statutes are in compliance with the recordation requirement of 30 U.S.C.A. 28. If anything, the mapping requirement assures better accuracy in the recordation of mining claims.

3. The trial court's final determination that NRS 517.-030(2), NRS 517.100 and NRS 517.230(3) violate due process of law for lack of definiteness and certainty is without merit. Men of common intelligence are not called upon to guess at the statutes' meaning and differ as to its application. Connally v. General Const. Co., 269 U.S. 385, 391 (1926); In re Laiolo, 83 Nev. 186, 426 P.2d 726 (1967).

NRS 517.030(2), NRS 517.100 and NRS 517.230(3) are explicit as to what the map shall contain. The express requirement is that the map must set forth the boundaries and location of the mining claim. The fact that under NRS 517.030(2) and NRS 517.230(3) the map may vary as to the ability of the locator to draw these requirements does not render the act indefinite and uncertain. Further, the burden of showing the unacceptability of a map rests with the county recorder who can only refuse to accept a map submitted if he can ". . .

affirmatively show that the map submitted does not accurately reflect the location of all the claims." NRS 517.040(2).

An additional issue was raised by the respondents in their answering brief, but because they fail to properly raise this issue by way of cross-appeal it will not be considered. NRAP 3, NRAP 28(h).

Reversed.

GUNDERSON, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.